UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16-50628 |
| | ) | |
| Timothy Scott Kildow, | ) | Chapter 13 |
| | ) | Judge John E. Hoffman Jr. |
| Debtor. | ) | |

MOTION OF THE UNION BANK COMPANY, SUCCESSOR IN INTEREST TO THE OHIO STATE
BANK FKA THE MARION BANK FOR RELIEF FROM STAY AS TO (1) 717 DELAWARE AVENUE AKA
111 SUPERIOR STREET, MARION, OHIO 43302; PARCEL NO. 12-308000.0300; (2) 729 DELAWARE
AVENUE, MARION, OHIO 43302; PARCEL NUMBER: 12-308000.0100; (3) 132 LONDON ROAD,
DELAWARE, OHIO 43015; PARCEL NO. 519-433-20-028-000; (4) 1.594 TRACT OF LAND
LOCATED ON LONDON ROAD, DELAWARE OHIO 43015; PARCEL NO. 519-433-20-031-000; (5)
HARDING HIGHWAY EAST, CALEDONIA, OHIO 43314; PARCEL 05-0020000.0901; AND (6) 724
LIMA STREET, KENTON, OHIO 43326; PARCEL NO. 36-220022

The Union Bank Company, successor in interest to The Ohio State Bank fka The Marion
Bank (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, 363, and other sections
of Title 11 of the United States Code, and under Federal Rules of Bankruptcy Procedure 4001 and
6007 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy
Code § 362 in connection with the bankruptcy filed by Timothy Scott Kildow ("Debtor").

MEMORANDUM IN SUPPORT

1.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.  This
is a core proceeding under 28 U.S.C. § 157(b)(2).  The venue of this case and this motion is proper
under 28 U.S.C. §§ 1408 and 1409.

2.      The purpose of this Motion is to obtain *in rem* relief to proceed with the foreclosure
filed as *The Union Bank, Successor in Interest to The Ohio State Bank fka The Marion Bank vs. United
Smokes of America, Ltd aka United Smokes of America, Ltd aka United Smokes of America, LLC, et
al.*, Case No. 15 CVE 09-05999 in the Delaware County Common Pleas Court.

**717 Delaware Avenue aka 111 Superior Street, Marion, Ohio 43302 ("717 Delaware
Property")**

3.      On or about December 12, 2006, United Smokes of America, Ltd aka United
Smokes of America, Ltd aka United Smokes of America, LLC ("Smokes"), Mark A. Kildow, Debtor
and Glen T. Kildow  ("Borrowers") executed and delivered to Movant a note in the original principal
amount of $1,930,000.00 for Loan Number ending in 5606 (the "5606 Note").  A copy of the Note
is attached hereto as ***Exhibit G***.

4.      The 5606 Note was modified several times.  Copies of the modifications to the 5606 Note are attached hereto, made a part hereof, and marked as **Exhibits H1 to H2**.  The modifications to the 5606 Note affirmed all other terms of the 5606 Note.

5.      Debtor is one of the owners of Smokes.

6.      In order to secure the 5606 Note and performance of the other terms contained in it, Smokes executed and delivered to Movant a mortgage on the property commonly known as 717 Delaware Avenue Aka 111 Superior Street, Marion, Ohio 43302; Parcel No. 12-308000.0300 owned by Smokes (the "717 Delaware Property") and more particularly described in that mortgage (the "2006 Mortgage").  The 2006 Marion Mortgage was recorded on December 14, 2006 at File No. 2006-00012044, Book 972, Page 135 in the Marion County Recorder's Office.  The 2006 Mortgage is attached hereto, made a part hereof, and marked as **Exhibit I**.  The Deed to the 717 Delaware Property is attached hereto as **Exhibit J**.

7.      Movant has the first and best lien on the 717 Delaware Property by reason of the 2006 Marion Mortgage.

8.      On November 27, 2007, Borrowers obtained a loan from Movant in the amount of $280,000.00 for Loan Number ending in 5607.  Such loan was evidenced by a Universal Note and Security Agreement dated November 27, 2007 (the "5607 Note"), a copy of which is attached as **Exhibit K**.

9.      The 5607 Note was modified several times.  Copies of the modifications to the 5607 Note are attached hereto, made a part hereof, and marked as **Exhibits L1 to L2**.  The modifications to the 5607 Note affirmed all other terms of the 5607 Note.

10.     To secure payment of the 5607 Note and performance of the other terms contained in it, the Borrowers executed a Mortgage in favor of Movant dated November 27, 2007 (the "2007 Marion Mortgage").  The 2007 Marion Mortgage granted a lien on the 717 Delaware Property, which mortgage was recorded in the office of the Marion County Recorder on November 29, 2007 at File No. 2007-00010296, Book 1029, Page 483, and more particularly described in that mortgage.  The 2007 Marion Mortgage is attached hereto, made a part hereof, and marked as **Exhibit M**.

11.     The 2007 Marion Mortgage is the second lien on the 717 Delaware Property.

12.     On June 15, 2001, Borrowers obtained a loan from Movant in the amount of $50,145.00 for Loan Number ending in 6801.  Such loan was evidenced by a Universal Note and Security Agreement dated June 15, 2001 (the "6801 Note"), a copy of which is attached as **Exhibit N**.

13.     The 6801 Note was modified several times.  Copies of the modifications to the 6801 Note are attached hereto, made a part hereof, and marked as **Exhibits O1 to O5**.  The modifications to the 6801 Note affirmed all other terms of the 6801 Note.

14.    To secure payment of the 6801 Note and performance of the other terms contained in it, the Borrowers executed a mortgage in favor of Movant dated June 15, 2001 (the "2001 Marion Mortgage"), which mortgage was recorded in the office of the Marion County Recorder on June 20, 2001 at File No. 2001-00007052, Book 557, Page 515 and more particularly described in that mortgage.   A copy of the recorded 2001 Marion Mortgage is attached as **Exhibit P**.

15.    The first modification of the 2001 Marion Mortgage was recorded at 2004-00007362, Book 797, Page 803 on July 15, 2004.  The second modification of the mortgage was recorded at 2007-00007373, Book 1014, Page 382 on August 24, 2007.  The 2001 Mortgage granted a lien on the 717 Delaware Property.  Copies of the modifications to the 2001 Mortgage are attached as **Exhibits Q1-Q2**.

16.    The 2001 Marion Mortgage is the third lien on the 717 Delaware Property

17.    The value of the 717 Delaware Property is $163,720.00 based on the Marion County Auditor's value.

18.    As of the date of this Motion, there is currently due and owing on the 6801 Note the amount of $1,437,102.32, plus accrued interest, fees, and late charges of $76,053.71, plus additional interest at the rate of $123.63 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs.

19.    As of the date of this motion, there is currently due and owing on the 5607 Note the outstanding principal balance of $209,219.09, plus accrued interest, fees, and late charges of $10,203.06, plus additional interest at the rate of $19.03 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs.

20.    As of the date of this motion, there is currently due and owing on the 6801 Note the outstanding principal balance of $34,416.13, plus accrued interest, fees, and late charges of $2,643.29, plus additional interest at the rate of $6.60 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs

21.    Movant is entitled to relief from the automatic stay under §§ 362(d)(1) and 362(d)(2) for these reasons:

     a.    Movant's interest in the 717 Delaware Property is not adequately protected. Borrowers have failed to keep current the real estate taxes owed on the 717 Delaware Property.   There is currently due and owing the amount of $17,512.69.

     b.    Debtor has insubstantial equity in the 717 Delaware Property, and it is not necessary for an effective reorganization.

     c.    Borrowers have failed to make periodic payments to Movant (1) for the months of January, 2014 through February, 2016 on the 5606 Note, which unpaid payments are in the aggregate amount of $397,337.25; (2) for the months of December, 2013 through February, 2016 on the 5607 Note, which unpaid payments are in the aggregate amount of $66,474.46; and (3)

for the months of July, 2014 through February, 2016 on the 6801 Note, which unpaid payments are in the aggregate amount of $13,880.00.

    d.    The 717 Delaware Property is of inconsequential value to the estate.

    e.    Debtor has indicated an intent to surrender all properties associated with Movant and Smokes.

22.    Movant has completed the worksheet attached hereto as **Exhibit A**.

23.    Other parties known to have an interest in the Collateral besides the Debtor, the Movant, and the Trustee are (1) a lien held by the Ohio Department of Taxation filed in the Marion County Common Pleas Court on August 19, 2011 at Case No. 2011 CJ 0860 in the amount of $455,434.58; (2) a lien held by the Ohio Department of Taxation filed in the Marion County Common Pleas Court on November 9, 2011 at Case No. 2011 CJ 1206 in the amount of $450,940.61; (3) a lien held by Peoples Bank filed in the Marion County Common Pleas Court on July 24, 2015 at Case No. 2015 CJ 179 in the amount of $91,612.16; and (4) a lien held by The Ohio Bureau of Workers' Compensation filed in Marion County on August 7, 2015 at No. 1327/874 in the amount of $1,827.07.

### 729 Delaware Avenue, Marion, Ohio 43302 ("729 Delaware Property")

24.    On October 13, 2006, Mark A. Kildow obtained a loan from Movant in the amount of $64,000.00 for Loan Number ending in 5508. Such loan was evidenced by a Universal Note and Security Agreement dated December 12, 2006 (the "5508 Note"). A copy of the 5508 Note is attached hereto as **Exhibit R**.

25.    Movant obtained judgment (the "Judgment") on the 5508 Note on June 30, 2015 in the amount of $43,714.10, plus accrued interest, fees, and late charges of $945.57, plus additional interest at the rate of $3.98 per day from June 3, 2015 to the date of payment, in *The Union Bank Company, successor in interest to The Ohio State Bank, v. Mark A. Kildow*, Marion County Common Pleas Case No. 2015 CV 0279. A copy of the Judgment is attached hereto, made a part hereof, and marked as **Exhibit S**.

26.    To secure payment of the 5508 Note and performance of the other terms contained in it, Mark A. Kildow executed a mortgage in favor of Movant dated October 13, 2006 (the "729 Delaware Mortgage"). The 729 Delaware Mortgage granted a lien on property commonly known as 729 Delaware Avenue, Marion, Ohio 43302; Parcel No. 12-308000.0100 owned by Mark A. Kildow (the "729 Delaware Property") and more particularly described in that mortgage). The 729 Delaware Mortgage was recorded in the office of the Marion County Recorder on October 19, 2006 at File No. 2006-00010190, Book 962, Page 87. A copy of the 729 Delaware Mortgage is attached hereto as **Exhibit T**. A copy of the Deed to the 729 Delaware Property is attached hereto as **Exhibit U**.

27.    Movant has the first and best lien on the 729 Delaware Property by reason of the 729 Delaware Mortgage.

28.    The value of the 729 Delaware Property is $66,000.00 based on the Marion County Auditor's value.

29.     As of the date of this Motion, there is currently due and owning on the 5508 Note the amount of $43,714.10, plus accrued interest, fees, and late charges of $945.57, plus additional interest at the rate of $3.98 per day from June 3, 2015 to the date of payment.

30.     Movant is entitled to relief from the automatic stay under §§ 362(d)(1) and 362(d)(2) for these reasons:

      a.     Movant's interest in the 729 Delaware Property is not adequately protected. Debtor and Mark A. Kildow have failed to keep current the real estate taxes owed on the 729 Delaware Property.  There is currently due and owing the amount of $2,247.39.

      b.     Debtor has insubstantial equity in the 729 Delaware Property, and it is not necessary for an effective reorganization.

      c.     Debtor and Mark have failed to make periodic payments to Movant for the months of April, 2014 through February, 2016, which unpaid payments are in the aggregate amount of $12,089.49.

      d.     The 729 Delaware Property is of inconsequential value to the estate.

      e.     Debtor has indicated an intent to surrender all properties associated with Movant and Smokes.

31.     Movant has completed the worksheet attached hereto as **Exhibit B**.

32.     Other parties known to have an interest in the 729 Delaware Property besides the Debtor, the Movant, and the Trustee are: (1) a held lien by Tax Ease filed in Marion County at 1275/269 on December 13, 2013 in the amount of $1,955.56; (2) a lien held by Tax Ease filed in Marion County at 1304/22 on November 6, 2014 in the amount of $1,669.76; (3) a lien held by the Ohio Department of Taxation filed in the Marion County Common Pleas Court on August 19, 2011 at Case No. 2011 CJ 0860 in the amount of $455,434.58; (4) a lien held by the Ohio Department of Taxation filed in the Marion County Common Pleas Court on November 9, 2011 at Case No. 2011 CJ 1206 in the amount of $450,940.61; (5) a lien held by Peoples Bank filed in the Marion County Common Pleas Court on July 24, 2015 at Case No. 2015 CJ 179 in the amount of $91,612.16; and (6) a lien held by The Ohio Bureau of Workers' Compensation filed in Marion County on August 7, 2015 at No. 1327/874 in the amount of $1,827.07.

### 132 London Road, Delaware, Ohio 43015 ("132 London Property")

33.     On December 12, 2006 the Borrowers obtained a loan from Movant in the amount of $1,930,000.00 for Loan Number ending in 5606.  Such loan was evidenced by a Universal Note and Security Agreement dated December 12, 2006 (the "5606 Note"), a copy of which is attached as **Exhibit G**.

34.     The 5606 Note was modified several times.  Copies of the modifications to the 5606 Note are attached hereto, made a part hereof, and marked as **Exhibits H1 to H2**.  The modifications to the 5606 Note affirmed all other terms of the 5606 Note.

35.     To secure payment of the 5606 Note and performance of the other terms contained in it, the Borrowers executed a mortgage in favor of Movant dated December 12, 2006

(the "2006 Delaware Mortgage").   The 2006 Delaware Mortgage granted a lien on property commonly known as 132 London Road, Delaware, Ohio 43015; Parcel No. 519-433-20-028-000 owned by Smokes (the "132 London Property").  The 2006 Mortgage was recorded on in the office of the Delaware County Recorder on December 15, 2006 at OR Volume 756, Pages 2578-2593.  A copy of the 2006 Mortgage is attached hereto as ***Exhibit V*** and more particularly described in that mortgage.  A copy of the Deed to the 132 London Property is attached hereto as ***Exhibit W***.

36.    Movant has the first and best lien on the 132 London Property by reason of the 2006 Delaware Mortgage.

37.    On November 27, 2007, Borrowers obtained a loan from Movant in the amount of $280,000.00 for Loan Number ending in 5607.  Such loan was evidenced by a Universal Note and Security Agreement dated November 27, 2007 (the "5607 Note"), a copy of which is attached as ***Exhibit K***.

38.    The 5607 Note was modified several times.  Copies of the modifications to the 5607 Note are attached hereto, made a part hereof, and marked as ***Exhibits L1 to L2***.  The modifications to the 5607 Note affirmed all other terms of the 5607 Note.

39.    To secure payment of the 5607 Note and performance of the other terms contained in it, the Borrowers executed a mortgage in favor of Movant dated November 27, 2007 (the "2007 Delaware Mortgage").  The 2007 Delaware Mortgage granted a lien on the 132 London Property, more fully described in the 2007 Mortgage.  The 2007 Mortgage was recorded in the office of the Delaware County Recorder on December 3, 2007 at OR Volume 820, Pages 142-157 and more particularly described in that mortgage.   A copy of the recorded 2007 Delaware Mortgage is attached as ***Exhibit X***.

40.    The 2007 Delaware Mortgage is the lien is the second lien on the 132 London Property.

41.    The value of the 132 London Property is $401,900.00 based on the Delaware County Auditor's value.

42.    As of the date of this Motion, there is currently due and owning on the 5606 Note the amount of $1,437,102.32, plus accrued interest, fees, and late charges of $76,053.71, plus additional interest at the rate of $123.63 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs.

43.    As of the date of this motion, there is currently due and owing on the 5607 Note the outstanding principal balance of $209,219.09, plus accrued interest, fees, and late charges of $10,203.06, plus additional interest at the rate of $19.03 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs

44.    Movant is entitled to relief from the automatic stay under §§ 362(d)(1) and 362(d)(2) for these reasons:

    a.    Movant's interest in the 132 London Property is not adequately protected. Borrowers have failed to keep current the real estate taxes owed on the 132 London Property.   There is currently due and owing the amount of $5,687.56.

    b.    Debtor has insubstantial equity in the 132 London Property, and it is not necessary for an effective reorganization.

    c.    Borrowers have failed to make periodic payments to Movant (1) for the months of January, 2014 through February, 2016 on the 5606 Note, which unpaid payments are in the aggregate amount of $397,337.25; and (2) for the months of December, 2013 through February, 2016 on the 5607 Note, which unpaid payments are in the aggregate amount of $66,474.46.

    d.    The 132 London Property is of inconsequential value to the estate.

    e.    Debtor has indicated an intent to surrender all properties associated with Movant and Smokes.

45.    Movant has completed the worksheet attached hereto as ***Exhibit C***.

46.    The other party known to have an interest in the Collateral besides the debtor, the Movant, and the trustee are is a lien held by the Ohio Department of Taxation filed in the Delaware County Common Pleas Court on November 20, 2013 at Case No. 2013 TL 04358 in the amount of $346,479.17.

## 1.594 Acre Tract of Land Located on London Road, Delaware Ohio 43015 ("Vacant London Property")

47.    On December 12, 2006, the Borrowers obtained a loan from Movant in the amount of $1,930,000.00 for Loan Number ending in 5606.  Such loan was evidenced by a Universal Note and Security Agreement dated December 12, 2006 (the "5606 Note"), a copy of which is attached as ***Exhibit G***.

48.    The 5606 Note was modified several times.  Copies of the modifications to the 5606 Note are attached hereto, made a part hereof, and marked as ***Exhibits H1 to H2***.  The modifications to the 5606 Note affirmed all other terms of the 5606 Note.

49.    To secure payment of the 5606 Note and performance of the other terms contained in it, the Borrowers executed a Mortgage in favor of Movant dated December 12, 2006 (the "2006 Delaware Mortgage").  The Motion granted a lien on the 1.594 tract of land located on London Road, Delaware Ohio 43015 (Parcel No. 519-433-20-031-000) owned by Timothy S. Kildow (the "Vacant London Property").  The 2006 Delaware Mortgage was recorded in the office of the Delaware County Recorder on December 15, 2006 at OR Volume 756, Page 2578-2593 and more particularly described in that mortgage.  A copy of the 2006 Delaware Mortgage is attached hereto as ***Exhibit V***.  A copy of the Deed to the Vacant London Property is attached hereto as ***Exhibit Y***.

50.    Movant has the first and best lien on the Vacant London Property by reason of the 2006 Delaware Mortgage.

51.     On November 27, 2007, Borrowers obtained a loan from Movant in the amount of $280,000.00 for Loan Number ending in 5607.  Such loan was evidenced by a Universal Note and Security Agreement dated November 27, 2007 (the "5607 Note"), a copy of which is attached as **Exhibit K**.

52.     The 5607 Note was modified several times.  Copies of the modifications to the 5607 Note are attached hereto, made a part hereof, and marked as **Exhibits L1 to L2**.  The modifications to the 5607 Note affirmed all other terms of the 5607 Note.

53.     To secure payment of the 5607 Note and performance of the other terms contained in it, the Borrowers executed a Mortgage in favor of Movant dated November 27, 2007 (the "2007 Delaware Mortgage").  The Mortgage granted a lien on the Vacant London Property. The 2007 Delaware Mortgage was recorded in the office of the Delaware County Recorder on December 3, 2007 at OR Volume 820, Pages 142-157 and more particularly described in that mortgage.  A copy of the 2006 Delaware Mortgage is attached hereto as **Exhibit X**.

54.     The value of the Vacant London Property is $57,100.00 based on the Delaware County Auditor's value.

55.     As of the date of this Motion, there is currently due and owning on the 5606 Note the amount of $1,437,102.32, plus accrued interest, fees, and late charges of $76,053.71, plus additional interest at the rate of $123.63 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs.

56.     As of the date of this motion, there is currently due and owing on the 5607 Note the outstanding principal balance of $209,219.09, plus accrued interest, fees, and late charges of $10,203.06, plus additional interest at the rate of $19.03 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs.

57.     Movant is entitled to relief from the automatic stay under §§ 362(d)(1) and 362(d)(2) for these reasons:

    a.    Movant's interest in the Vacant London Property is not adequately protected.  Borrowers have failed to keep current the real estate taxes owed on the Vacant London Property.  There is currently due and owing the amount of $981.74.

    b.    Debtor has insubstantial equity in the Vacant London Property, and it is not necessary for an effective reorganization.

    c.    Borrowers have failed to make periodic payments to Movant for (1) the months of January, 2014 through February, 2016 on the 5606 Note, which unpaid payments are in the aggregate amount of $397,337.25; and (2) for the months of December, 2013 through February, 2016 on the 5607 Note, which unpaid payments are in the aggregate amount of $66,474.46.

    d.    The Property is of inconsequential value to the estate.

    e.    Debtor has indicated an intent to surrender all properties associated with Movant and Smokes.

58.     Movant has completed the worksheet attached hereto as ***Exhibit D***.

59.     The other party known to have an interest in the Collateral besides the Debtor, the Movant, and the trustee is a lien held by the Ohio Department of Taxation filed in the Delaware County Common Pleas Court on November 20, 2013 at Case No. 2013 TL 04358 in the amount of $346,479.17.

## Harding Highway East, Caledonia, Ohio 43314 ("Harding Property")

60.     On December 12, 2006 the Borrowers obtained a loan from Movant in the amount of $1,930,000.00 for Loan Number ending in 5606.  Such loan was evidenced by a Universal Note and Security Agreement dated December 12, 2006 (the "5606 Note"), a copy of which is attached as ***Exhibit G***.

61.     The 5606 Note was modified several times.  Copies of the modifications to the 5606 Note are attached hereto, made a part hereof, and marked as ***Exhibits H1 to H2***.   The modifications to the 5606 Note affirmed all other terms of the 5606 Note.

62.     To secure payment of the 5606 Note and performance of the other terms contained in it, the Borrowers executed a Mortgage in favor of Movant dated December 12, 2006 (the "2006 Marion Mortgage").  The 2006 Marion Mortgage granted a lien on property commonly known as Harding Highway East, Caledonia, Ohio 43314; Parcel No. 05-002000.0901 owned by Smokes (the "Harding Property").  The 2006 Mortgage was recorded in the office of the Marion County Recorder on December 15, 2006 at OR Volume 756, Pages 2578-2593 and more particularly described in that mortgage.  A copy of the recorded 2006 Marion Mortgage is attached as ***Exhibit I***.  A copy of the Deed to the Harding Property is attached as ***Exhibit Z***.

63.     On November 27, 2007, Borrowers obtained a loan from Movant in the amount of $280,000.00 for Loan Number ending in 5607.  Such loan was evidenced by a Universal Note and Security Agreement dated November 27, 2007 (the "5607 Note"), a copy of which is attached as ***Exhibit K***.

64.     The 5607 Note was modified several times.  Copies of the modifications to the 5607 Note are attached hereto, made a part hereof, and marked as ***Exhibits L1 to L2***.  The modifications to the 5607 Note affirmed all other terms of the 5607 Note.

65.     To secure payment of the 5607 Note and performance of the other terms contained in it, the Borrowers executed a Mortgage in favor of Movant dated November 27, 2007 (the "2007 Marion Mortgage").  The Mortgage granted a lien on the Harding Property.  The 2007 Mortgage was recorded in the office of the Marion County Recorder on December 3, 2007 at OR Volume 820, Pages 142-157 and more particularly described in that mortgage.  A copy of the recorded 2007 Mortgage is attached as ***Exhibit M***.

66.     Movant has the first and best lien on the Harding Property by reason of the 2007 Marion Mortgage.

67.    The value of the Harding Property is $21,000.00 based on the Marion County Auditor's value.

68.    As of the date of this Motion, there is currently due and owing on the 6801 Note the amount of $1,437,102.32, plus accrued interest, fees, and late charges of $76,053.71, plus additional interest at the rate of $123.63 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs.

69.    As of the date of this motion, there is currently due and owing on the 5607 Note the outstanding principal balance of $209,219.09, plus accrued interest, fees, and late charges of $10,203.06, plus additional interest at the rate of $19.03 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs.

70.    Movant is entitled to relief from the automatic stay under §§ 362(d)(1) and 362(d)(2) for these reasons:

a.    Movant's interest in the Harding Property is not adequately protected. Borrowers have failed to keep current the real estate taxes owed on the Harding Property.   There is currently due and owing the amount of $2,037.46.

b.    Debtor has insubstantial equity in the Harding Property, and it is not necessary for an effective reorganization.

c.    Borrowers have failed to make periodic payments to Movant (1) for the months of January, 2014 through February, 2016 on the 5606 Note, which unpaid payments are in the aggregate amount of $397,337.25; and (2) for the months of December, 2013 through February, 2016 on the 5607 Note, which unpaid payments are in the aggregate amount of $66,474.46.

d.    The Harding Property is of inconsequential value to the estate.

e.    Debtor has indicated an intent to surrender all properties associated with Movant and Smokes.

71.    Movant has completed the worksheet attached hereto as ***Exhibit E***.

72.    Other parties known to have an interest in the Collateral besides the Debtor, the Movant, and the trustee are (1) a lien held by the Ohio Department of Taxation filed in the Marion County Common Pleas Court on August 19, 2011 at Case No. 2011 CJ 0860 in the amount of $455,434.58; (2) a lien held by the Ohio Department of Taxation filed in the Marion County Common Pleas Court on November 9, 2011 at Case No. 2011 CJ 1206 in the amount of $450,940.61; (3) a lien held by Peoples Bank filed in the Marion County Common Pleas Court on July 24, 2015 at Case No. 2015 CJ 179 in the amount of $91,612.16; and (4) a lien held by The Ohio Bureau of Workers' Compensation filed in Marion County on August 7, 2015 at No. 1327/874 in the amount of $1,827.07.

### 724 Lima Street, Kenton, Ohio 43326 ("Lima Property")

73.    On December 12, 2006 the Debtor, along with United Smokes of America Ltd. aka United Smokes of America, Ltd aka United Smokes of America, LLC, Mark A. Kildow, and Glen T.

Kildow (collectively, "Borrowers") obtained a loan from Movant in the amount of $1,930,000.00 for Loan Number ending in 5606.  Such loan was evidenced by a Universal Note and Security Agreement dated December 12, 2006 (the "5606 Note"), a copy of which is attached as ***Exhibit G***.

74.    The 5606 Note was modified several times.  Copies of the modifications to the 5606 Note are attached hereto, made a part hereof, and marked as ***Exhibits H1 to H2***.  The modifications to the 5606 Note affirmed all other terms of the 5606 Note.

75.    To secure payment of the 5606 Note and performance of the other terms contained in it, the Borrowers executed a Mortgage in favor of Movant dated December 12, 2006 (the "2006 Hardin Mortgage").  The Mortgage granted a lien on property commonly known as 724 Lima Street, Kenton, Ohio 43326; Parcel No. 36-220022 owned by United Smokes of America, LLC (the "Lima Property").  The 2006 Mortgage was recorded in the office of the Hardin County Recorder on December 15, 2006 at OR Volume 465, Pages 2230-2241 and more particularly described in that mortgage.  A copy of the 2006 Mortgage is attached hereto as ***Exhibit AA***.  A copy of the Deed to the Lima Property is attached hereto as ***Exhibit BB***.

76.    Movant has the first and best lien on the Lima Property by reason of the 2006 Hardin Mortgage.

77.    On November 27, 2007, Borrowers obtained a loan from Movant in the amount of $280,000.00 for Loan Number ending in 5607.  Such loan was evidenced by a Universal Note and Security Agreement dated November 27, 2007 (the "5607 Note"), a copy of which is attached as ***Exhibit K***.

78.    The 5607 Note was modified several times.  Copies of the modifications to the 5607 Note are attached hereto, made a part hereof, and marked as ***Exhibits L1 to L2***.  The modifications to the 5607 Note affirmed all other terms of the 5607 Note.

79.    To secure payment of the 5607 Note and performance of the other terms contained in it, the Borrowers executed a Mortgage in favor of Movant dated November 27, 2007 (the "2007 Hardin Mortgage").  The Mortgage granted a lien on the Lima Property.  The 2007 Hardin Mortgage was recorded in the office of the Hardin County Recorder on December 3, 2007 at OR Volume 473, Pages 2542-2553 and more particularly described in that mortgage.  A copy of the 2007 Mortgage is attached as ***Exhibit CC***.

80.    The value of the Lima Property is $63,280.00 based on the Hardin County Auditor's value.

81.    As of the date of this Motion, there is currently due and owing on the 6801 Note the amount of $1,437,102.32, plus accrued interest, fees, and late charges of $76,053.71, plus additional interest at the rate of $123.63 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs.

82.    As of the date of this motion, there is currently due and owing on the 5607 Note the outstanding principal balance of $209,219.09, plus accrued interest, fees, and late charges of

$10,203.06, plus additional interest at the rate of $19.03 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs.

83.    Movant is entitled to relief from the automatic stay under §§ 362(d)(1) and 362(d)(2) for these reasons:

    a.    Movant's interest in the Lima Property is not adequately protected. Borrowers have failed to keep current the real estate taxes owed on the Lima Property.  There is currently due and owing the amount of $5,191.70.

    b.    Debtor has insubstantial equity in the Lima Property, and it is not necessary for an effective reorganization.

    c.    Borrowers have failed to make periodic payments to Movant (1) for the months of January, 2014 through February, 2016 on the 5606 Note, which unpaid payments are in the aggregate amount of $397,337.25; and (2) for the months of December, 2013 through February, 2016 on the 5607 Note, which unpaid payments are in the aggregate amount of $66,474.46.

    d.    The Property is of inconsequential value to the estate.

    e.    Debtor has indicated an intent to surrender all properties associated with Movant and Smokes.

84.    Movant has completed the worksheet attached hereto as ***Exhibit F***.

85.    This Motion conforms to the standard form adopted in this District.

WHEREFORE, Movant The Union Bank Company, successor in interest to The Ohio State Bank fka The Marion Bank prays for an Order from the Court granting Movant relief from the automatic stay under § 362 of the Bankruptcy Code to permit Movant to proceed under applicable nonbankruptcy law, and for such other and further relief to which Movant may be entitled.

    /s/ Christy A. Prince
    Christy A. Prince    (0082220)
    KEGLER, BROWN, HILL & RITTER
    65 East State Street, Suite 1800
    Columbus, Ohio 43215
    (614) 462-5400
    Fax:  (614) 464-2634
    cprince@keglerbrown.com
    Attorney for  Movant

## NOTICE AND CERTIFICATE OF SERVICE

**PLEASE TAKE NOTICE** that The Union Bank Company, successor in interest to The Ohio State Bank fka The Marion Bank filed a Motion for Relief From Stay with the Court.

**Your rights may be affected**.  **You should read these papers carefully and discuss them with your attorney, if you have one in this Bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**  If you do not want the Court to grant the relief requested, or if you want the court to consider your views on the motion or objection then on or before **twenty one (21) days from the date set forth in the certificate of service for the motion or objection** ("Response Date"), you must file with the court a response explaining your position by mailing your response by regular US Mail to the Clerk of the United States Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215 OR your attorney must file a response using the court's ECF System.  If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the Response Date.

You must also mail a copy of your response on or before the Response Date by 1) the Court's ECF System or 2) by regular US Mail to counsel, Christy A. Prince, Kegler Brown Hill & Ritter, 65 East State Street, Suite 1800, Columbus, Ohio 43215.  If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2016 a copy of the foregoing *Motion of The Union Bank Company, Successor in Interest to The Ohio State Bank fka The Marion Bank for Relief From Stay as to (1) 717 Delaware Avenue aka 111 Superior Street, Marion, Ohio 43302; Parcel No. 12-308000.0300; (2) 729 Delaware Avenue, Marion, Ohio 43302; Parcel Number: 12-308000.0100; (3) 132 London Road, Delaware, Ohio 43015; Parcel No. 519-433-20-028-000; (4) 1.594 Tract of Land Located on London Road, Delaware Ohio 43015; Parcel No. 519-433-20-031-000; (5) Harding Highway East, Caledonia, Ohio 43314; Parcel 05-0020000.0901; and (6) 724 Lima Street, Kenton, Ohio 43326; Parcel No. 36-220022* was served electronically through the Court's ECF System at the email address registered with the Court:

Asst US Trustee (Col)     ustpregion09.cb.ecf@usdoj.gov
James H Cannon on behalf of Peoples Bank, National Association
jcannon@barrenmerrylaw.com
Marshall D Cohen on behalf of Debtor    mcohen@financialdignity.com,
kmcafee@financialdignity.com;cohenmarshalld@gmail.com;jgetzinger@financialdignity.com;rde
young@financialdignity.com
Patricia L Hill on behalf of Fifth Third Bank    notices@statmanharris.com,
plhill@statmanharris.com
Karl C Kerschner on behalf of Ohio Department of Taxation    gtr@meyerkerschner.com
Christy Prince on behalf of The Union Bank Company    cprince@keglerbrown.com,
eoneil@keglerbrown.com

and by regular U.S. mail, postage prepaid, to:

054606.000289/#4822-4366-6222 v1                                    13

Timothy Scott Kildow
320 Center Street
Marion, OH 43302

Marion County Treasurer
222 W. Center Street
Marion, Ohio 43302

Douglas E. Ebert, Esquire
Assistant Prosecuting Attorney
134 East Center Street
Marion, Ohio 43302
*Attorney for Marion County Treasurer*

Gina M. Piacentino, Esquire
The Weldele & Piacentino
Law Group Co., LPA
88 East Broad Street, Suite 1560
Columbus, Ohio 43215

David A. Goldstein, Esquire
326 S. High Street, Suite 500
Columbus, Ohio 43215
*Attorneys For The Warehouse Inc.,*
*United Smokes Of America Ltd,*
*Timothy S. Kildow, Mark A. Kildow,*
*and Glen T. Kildow*

James H. Cannon, Esquire
110 Polaris Parkway, Suite 302
Westerville, Ohio 43082
*Attorney For Peoples Bank NA*

State of Ohio Bureau of
Workers Compensation
30 West Spring Street
Columbus, Ohio 43215

State of Ohio Department of Taxation
Ohio State Attorney General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215

James H. Cannon, Esquire
110 Polaris Parkway, Suite 302
Westerville, Ohio 43082
*Attorney For Peoples Bank NA*

Tax Ease Ohio LLC
c/o CT Corporation Statutory Agent
1300 East Ninth Street
Cleveland, Ohio 44114

Delaware County Treasurer
222 W. Center Street
Marion, Ohio 43302

Mark W. Fowler, Esquire
Assistant Prosecuting Attorney
P.O. Box 8006
Delaware, Ohio 43015
mfowler@co.delaware.oh.us
*Attorney For Delaware County Treasurer*

Hardin County Treasurer
1 Court House Square #230
Kenton, Ohio 43326

Siobhonne Ward, Esquire
Assistant Prosecuting Attorney
Hardin County Courthouse
One Courthouse Square, Suite 50
Kenton, Ohio 43326
*Attorney For Hardin County Treasurer*

 /s/ Christy A. Prince
Christy A. Prince

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16-50628 |
| | ) | |
| Timothy Scott Kildow, | ) | Chapter 13 |
| | ) | Judge John E. Hoffman Jr. |
| Debtor. | ) | |

**RELIEF FROM STAY / ADEQUATE PROTECTION
EXHIBIT AND WORKSHEET – REAL ESTATE
(For use as required by LBR 4001-1(a)(1))**

Real property address which is the subject of the motion:  **717 Delaware Avenue aka 111 Superior
Street, Marion, Ohio 43302; Parcel No. 12-308000.0300**

**DEBT / VALUE REPRESENTATIONS**:

Total indebtedness of debtor(s) at the time of filing the motion
for relief from stay (not to be relied upon as a payoff quotation):     $1,804,116.66

Movant's estimated market value of real property:          $163,720.00

Source of the estimated valuation:  Marion County Auditor

**STATEMENT OF ARREARAGE**:

(1) As of petition filing date:                    $1,680,737.54

        Amounts paid after the date of filing to be applied
        to the prepetition default:                $0.00

(2) Postpetition:                          $_____

(3) Monthly payment amount:                    $15,893.49 (5606 Note)
                                                  $2,556.71 (5607 Note)
                                                  $694.00 (6801 Note)

(4) Date of Last Payment:                    January, 2014 (5606 Note)
                                                    December, 2013 (5607 Note)
                                                    July, 2014 (6801 Note)

(5) Amount of Last Payment:                    $11,076.00 (5606 Note)
                                                    $2,081.62 (5607 Note)
                                                    $434.70 (6801 Note)

# of payments due postpetition:          2 (through payment due 02/16/16)

# of payments received postpetition:                    0

# of payments in default postpetition:            2

Total amount of postpetition payment currently in default:          $22,152, $4,163.24,
                                                                      and $1,388.00


+ Postpetition late charges:                                 $_____

+ Other charges (Collection Fees)                            $_____

Foreclosure title work:          $_____
Filing Fee:                      $_____
Skip Trace:                      $_____
Document acquisition costs:      $_____
Service Process Server: $_____
Escrow shortage:
      Hazard Insurance:          $_____ Dates: _____
      Taxes:                     $_____ Dates: _____
Appraisal:                       $_____
BPO Charges:                     $_____
Property inspection:             $_____
Other (specify)                  $_____

= Total Postpetition Arrearage:                              $_____

**OTHER LOAN INFORMATION**:

Date of Loan:            December 12, 2006 (5606 Note) @ 7.7% variable
                         November 27, 2007 (5607 Note) @ 7.25 variable
                         June 15, 2001 (6801 Note) @ 7.50% variable

Current Interest Rate:          2.75% above the 3 year Treasury Constant Maturity
Index as published by The Wall Street Journal

Money paid to and held by the mortgagee but not applied to the loan n/a; if held in the form of
checks, balance of such checks $_____, and identity of holder of the checks _____.


**REQUIRED ATTACHMENTS TO MOTION:**

(a)      In a Chapter 13 case, a postpetition payment history.

(b)      In all cases, copies of documents which indicate movant's interest in the subject
property.  For purposes of example only, a complete and legible copy of the promissory note
or other debt instrument together with a complete and legible copy of the real estate
mortgage should be attached.  The mortgage should bear date stamps reflecting the recording
date together with recording references reflecting the recordation of the mortgage with the

appropriate county official.  If the subject property is registered land, movant shall attach a copy of the registered land certificate or other documentation reflecting that the mortgage was memorialized as a lien on the registered land certificate.

This Exhibit and Worksheet was prepared by:       /s/ Christy A. Prince
                                                Christy A. Prince      (0082220)
                                                KEGLER BROWN HILL & RITTER
                                                65 East State Street, Suite 1800
                                                Columbus, Ohio 43215
                                                (614) 462-5400
                                                Fax:  (614) 464-2634
                                                cprince@keglerbrown.com
                                                *Attorneys for Movant*

## EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16-50628 |
| | ) | |
| Timothy Scott Kildow, | ) | Chapter 13 |
| | ) | Judge John E. Hoffman, Jr. |
| Debtor. | ) | |

---

**RELIEF FROM STAY / ADEQUATE PROTECTION**
**EXHIBIT AND WORKSHEET – REAL ESTATE**
**(For use as required by LBR 4001-1(a)(1))**

---

Real property address which is the subject of the motion: **729 Delaware Avenue, Marion, Ohio 43302;**
**Parcel No. 12-308000.0100**

**DEBT / VALUE REPRESENTATIONS**:

Total indebtedness of debtor(s) at the time of filing the motion
for relief from stay (not to be relied upon as a payoff quotation):      $45,579.05

Movant's estimated market value of real property:      $66,000.00

Source of the estimated valuation:  Marion County Auditor

**STATEMENT OF ARREARAGE**:

(1) As of petition filing date:      $43,714.10

Amounts paid after the date of filing to be applied
to the prepetition default:      $0.00

(2)  Postpetition:      $_____

(3)  Monthly payment amount:      $525.63

(4)  Date of Last Payment:      March, 2014

(5)  Amount of Last Payment:      $230.76

# of payments due postpetition:      2 (through payment due 02/16/16)

# of payments received postpetition:      0

# of payments in default postpetition:      2

Total amount of postpetition payment currently in default:      $1,051.26

054606.000289/#4822-4366-6222 v1                    18

+ Postpetition late charges:                                                    $_____

+ Other charges (Collection Fees)                                               $_____

Foreclosure title work:           $_____
Filing Fee:                       $_____
Skip Trace:                       $_____
Document acquisition costs:       $_____
Service Process Server:   $_____
Escrow shortage:
      Hazard Insurance:     $_____ Dates: _____
      Taxes:                $_____ Dates: _____
Appraisal:                        $_____
BPO Charges:                      $_____
Property inspection:              $_____
Other (specify)                   $_____

= Total Postpetition Arrearage:                                                 $_____

**OTHER LOAN INFORMATION**:

Date of Loan:                        <u>October 13, 2006 @ 7.75% variable rate</u>

Current Interest Rate:               <u>3.00% above the 3 year Treasury Constant Maturity Index</u>
<u>as published by The Wall Street Journal</u>

Money paid to and held by the mortgagee but not applied to the loan <u>n/a</u>; if held in the form of checks, balance of such checks $_____, and identity of holder of the checks _____.

**REQUIRED ATTACHMENTS TO MOTION:**

(a)      In a Chapter 13 case, a postpetition payment history.

(b)      In all cases, copies of documents which indicate movant's interest in the subject property. For purposes of example only, a complete and legible copy of the promissory note or other debt instrument together with a complete and legible copy of the real estate mortgage should be attached.  The mortgage should bear date stamps reflecting the recording date together with recording references reflecting the recordation of the mortgage with the appropriate county official.  If the subject property is registered land, movant shall attach a copy of the registered land certificate or other documentation reflecting that the mortgage was memorialized as a lien on the registered land certificate.

This Exhibit and Worksheet was prepared by:        <u>/s/ Christy A. Prince</u>
                                                   Christy A. Prince      (0082220)
                                                   KEGLER BROWN HILL & RITTER
                                                   65 East State Street, Suite 1800
                                                   Columbus, Ohio 43215
                                                   (614) 462-5400
                                                   Fax:  (614) 464-2634
                                                   cprince@keglerbrown.com
                                                   *Attorneys for Movant*

## EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16-50628 |
| | ) | |
| Timothy Scott Kildow, | ) | Chapter 13 |
| | ) | Judge John E. Hoffman, Jr. |
| Debtor. | ) | |

**RELIEF FROM STAY / ADEQUATE PROTECTION**
**EXHIBIT AND WORKSHEET – REAL ESTATE**
**(For use as required by LBR 4001-1(a)(1))**

Real property address which is the subject of the motion: **132 London Road, Delaware, Ohio 43015;**
**Parcel No. 519-433-20-028-000**

**DEBT / VALUE REPRESENTATIONS**:

Total indebtedness of debtor(s) at the time of filing the motion
for relief from stay (not to be relied upon as a payoff quotation):      $1,765,532.64

Movant's estimated market value of real property:      $401,900.00

Source of the estimated valuation:  Delaware County Auditor

**STATEMENT OF ARREARAGE**:

(1) As of petition filing date:      $1,646,321.00

    Amounts paid after the date of filing to be applied
    to the prepetition default:      $0.00

(2)  Postpetition:      $_____

(3)  Monthly payment amount:      $15,893.49 (5606 Note)
                                             $2,556.71 (5607 Note)

(4)  Date of Last Payment:      January, 2014 (5606 Note)
                                             December, 2013 (5607 Note)

(5)  Amount of Last Payment:      $11,076.00 (5606 Note)
                                             $2,081.62 (5607 Note)

# of payments due postpetition:      2 (through payment due 02/16/16)

# of payments received postpetition:      0

# of payments in default postpetition:      2

Total amount of postpetition payment currently in default:      $22,152 and $4,163.24

+ Postpetition late charges:                                              $_____

+ Other charges (Collection Fees)                                         $_____

Foreclosure title work:          $_____
Filing Fee:                      $_____
Skip Trace:                      $_____
Document acquisition costs:      $_____
Service Process Server:   $_____
Escrow shortage:
      Hazard Insurance:      $_____  Dates: _____
      Taxes:                 $_____  Dates: _____
Appraisal:                       $_____
BPO Charges:                     $_____
Property inspection:             $_____
Other (specify)                  $_____

= Total Postpetition Arrearage:                                           $_____

**OTHER LOAN INFORMATION**:
    Date of Loan:            <u>December 12, 2006 (5606 Note) @ 7.7% variable</u>
                                 <u>November 27, 2007 (5607 Note) @ 7.25 variable</u>

    Current Interest Rate:     <u>2.75% above the 3 year Treasury Constant Maturity Index</u>
<u>as published by The Wall Street Journal</u>

Money paid to and held by the mortgagee but not applied to the loan <u>n/a</u>; if held in the form of checks, balance of such checks $_____, and identity of holder of the checks _____.

**REQUIRED ATTACHMENTS TO MOTION:**

(a)      In a Chapter 13 case, a postpetition payment history.

(b)      In all cases, copies of documents which indicate movant's interest in the subject property. For purposes of example only, a complete and legible copy of the promissory note or other debt instrument together with a complete and legible copy of the real estate mortgage should be attached.  The mortgage should bear date stamps reflecting the recording date together with recording references reflecting the recordation of the mortgage with the appropriate county official.  If the subject property is registered land, movant shall attach a copy of the registered land certificate or other documentation reflecting that the mortgage was memorialized as a lien on the registered land certificate.

This Exhibit and Worksheet was prepared by:        /s/ Christy A. Prince_____
                                           Christy A. Prince      (0082220)
                                           KEGLER BROWN HILL & RITTER
                                           65 East State Street, Suite 1800
                                           Columbus, Ohio 43215
                                           (614) 462-5400
                                           Fax:  (614) 464-2634
                                           cprince@keglerbrown.com
                                           *Attorneys for Movant*

**EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16-50628 |
| | ) | |
| Timothy Scott Kildow, | ) | Chapter 13 |
| | ) | Judge John E. Hoffman, Jr. |
| Debtor. | ) | |

**RELIEF FROM STAY / ADEQUATE PROTECTION
EXHIBIT AND WORKSHEET – REAL ESTATE
(For use as required by LBR 4001-1(a)(1))**

Real property address which is the subject of the motion:  **1.594 Tract of land located on London Road, Delaware, Ohio (Parcel No. 519-433-20-031-000)**

**DEBT / VALUE REPRESENTATIONS**:

Total indebtedness of debtor(s) at the time of filing the motion
for relief from stay (not to be relied upon as a payoff quotation):     $1,765,532.64

Movant's estimated market value of real property:               $57,100.00

Source of the estimated valuation:  Delaware County Auditor

**STATEMENT OF ARREARAGE**:

(1) As of petition filing date:                              $1,646,321.00

    Amounts paid after the date of filing to be applied
    to the prepetition default:                              $0.00

(2) Postpetition:                                           $_____

(3) Monthly payment amount:                                 $15,893.49 (5606 Note)
                                                            $2,556.71 (5607 Note)

(4) Date of Last Payment:                                   January, 2014 (5606 Note)
                                                            December, 2013 (5607 Note)

(5) Amount of Last Payment:                                 $11,076.00 (5606 Note)
                                                            $2,081.62 (5607 Note)

# of payments due postpetition:            2 (through payment due 02/16/16)

# of payments received postpetition:              0

# of payments in default postpetition:        2

Total amount of postpetition payment currently in default:     $22,152 and $4,163.24

+ Postpetition late charges:                                    $_____

+ Other charges (Collection Fees)                              $_____

Foreclosure title work:              $_____
Filing Fee:                          $_____
Skip Trace:                          $_____
Document acquisition costs:          $_____
Service Process Server:      $_____
Escrow shortage:
        Hazard Insurance:            $_____ Dates: _____
        Taxes:                       $_____ Dates: _____
Appraisal:                           $_____
BPO Charges:                         $_____
Property inspection:                 $_____
Other (specify)                      $_____

= Total Postpetition Arrearage:                                $_____

**OTHER LOAN INFORMATION**:

   Date of Loan:                     December 12, 2006 (5606 Note) @ 7.7% variable
                                     November 27, 2007 (5607 Note) @ 7.25 variable

   Current Interest Rate:            2.75% above the 3 year Treasury Constant Maturity Index as
published by The Wall Street Journal

Money paid to and held by the mortgagee but not applied to the loan n/a; if held in the form of checks,
balance of such checks $_____, and identity of holder of the checks _____.

**REQUIRED ATTACHMENTS TO MOTION:**

   (a)      In a Chapter 13 case, a postpetition payment history.

   (b)      In all cases, copies of documents which indicate movant's interest in the subject property.  For
purposes of example only, a complete and legible copy of the promissory note or other debt instrument
together with a complete and legible copy of the real estate mortgage should be attached.  The
mortgage should bear date stamps reflecting the recording date together with recording references
reflecting the recordation of the mortgage with the appropriate county official.  If the subject property
is registered land, movant shall attach a copy of the registered land certificate or other documentation
reflecting that the mortgage was memorialized as a lien on the registered land certificate.

This Exhibit and Worksheet was prepared by:            /s/ Christy A. Prince_____
                                                       Christy A. Prince      (0082220)
                                                       KEGLER BROWN HILL & RITTER
                                                       65 East State Street, Suite 1800
                                                       Columbus, Ohio 43215
                                                       (614) 462-5400
                                                       Fax:  (614) 464-2634
                                                       cprince@keglerbrown.com
                                                       *Attorneys for Movant*

**EXHIBIT E**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:                              )         Case No. 16-50628
                                    )
     Timothy Scott Kildow,          )         Chapter 13
                                    )         Judge John E. Hoffman, Jr.
               Debtor.              )

---

**RELIEF FROM STAY / ADEQUATE PROTECTION**
**EXHIBIT AND WORKSHEET – REAL ESTATE**
**(For use as required by LBR 4001-1(a)(1))**

Real property address which is the subject of the motion: **Harding Highway East, Caledonia, Ohio 43314;**
**Parcel No. 05-002000.0901**

**DEBT / VALUE REPRESENTATIONS**:

        Total indebtedness of debtor(s) at the time of filing the motion
        for relief from stay (not to be relied upon as a payoff quotation):     $1,765,532.64

        Movant's estimated market value of real property:     $21,000.00

        Source of the estimated valuation: _Marion County Auditor_____

**STATEMENT OF ARREARAGE**:

        (1) As of petition filing date:     $1,646,321.00

                Amounts paid after the date of filing to be applied
                to the prepetition default:     $0.00

        (2) Postpetition:     $_____

        (3) Monthly payment amount:     $15,893.49 (5606 Note)
                                                $2,556.71 (5607 Note)

        (4) Date of Last Payment:     January, 2014 (5606 Note)
                                                December, 2013 (5607 Note)

        (5) Amount of Last Payment:     $11,076.00 (5606 Note)
                                              $2,081.62 (5607 Note)

# of payments due postpetition:     2 (through payment due 02/16/16)

# of payments received postpetition:     0

# of payments in default postpetition:     2

Total amount of postpetition payment currently in default:     $22,152 and $4,163.24

+ Postpetition late charges:                                              $_____

+ Other charges (Collection Fees)                                         $_____

Foreclosure title work:            $_____
Filing Fee:                        $_____
Skip Trace:                        $_____
Document acquisition costs:        $_____
Service Process Server:      $_____
Escrow shortage:
        Hazard Insurance:      $_____  Dates: _____
        Taxes:                 $_____  Dates: _____
Appraisal:                         $_____
BPO Charges:                       $_____
Property inspection:               $_____
Other (specify)                    $_____

= Total Postpetition Arrearage:                                           $_____

**OTHER LOAN INFORMATION**:

        Date of Loan:                    December 12, 2006 (5606 Note) @ 7.7% variable
                                         November 27, 2007 (5607 Note) @ 7.25 variable

        Current Interest Rate:           2.75% above the 3 year Treasury Constant Maturity Index as
published by The Wall Street Journal

Money paid to and held by the mortgagee but not applied to the loan n/a; if held in the form of checks,
balance of such checks $_____, and identity of holder of the checks _____.

**REQUIRED ATTACHMENTS TO MOTION:**

        (a)      In a Chapter 13 case, a postpetition payment history.

        (b)      In all cases, copies of documents which indicate movant's interest in the subject property.  For
purposes of example only, a complete and legible copy of the promissory note or other debt instrument
together with a complete and legible copy of the real estate mortgage should be attached.  The
mortgage should bear date stamps reflecting the recording date together with recording references
reflecting the recordation of the mortgage with the appropriate county official.  If the subject property
is registered land, movant shall attach a copy of the registered land certificate or other documentation
reflecting that the mortgage was memorialized as a lien on the registered land certificate.

This Exhibit and Worksheet was prepared by:          /s/ Christy A. Prince_____
                                                     Christy A. Prince      (0082220)
                                                     KEGLER BROWN HILL & RITTER
                                                     65 East State Street, Suite 1800
                                                     Columbus, Ohio 43215
                                                     (614) 462-5400
                                                     Fax:  (614) 464-2634
                                                     cprince@keglerbrown.com
                                                     *Attorneys for Movant*

**EXHIBIT F**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16-50628 |
| | ) | |
| Timothy Scott Kildow, | ) | Chapter 13 |
| | ) | Judge John E. Hoffman, Jr. |
| Debtor. | ) | |

---

**RELIEF FROM STAY / ADEQUATE PROTECTION**
**EXHIBIT AND WORKSHEET – REAL ESTATE**
**(For use as required by LBR 4001-1(a)(1))**

---

Real property address which is the subject of the motion: **724 Lima Street, Kenton, Ohio 43326; Parcel No. 36-220022**

**DEBT / VALUE REPRESENTATIONS**:

Total indebtedness of debtor(s) at the time of filing the motion
for relief from stay (not to be relied upon as a payoff quotation):        $1,765,532.64

Movant's estimated market value of real property:        $63,280.00

Source of the estimated valuation:  Hardin County Auditor

**STATEMENT OF ARREARAGE**:

(1) As of petition filing date:        $1,646,321.00

    Amounts paid after the date of filing to be applied
    to the prepetition default:        $0.00

(2)  Postpetition:        $_____

(3)  Monthly payment amount:        $15,893.49 (5606 Note)
        $2,556.71 (5607 Note)

(4)  Date of Last Payment:        January, 2014 (5606 Note)
        December, 2013 (5607 Note)

(5)  Amount of Last Payment:        $11,076.00 (5606 Note)
        $2,081.62 (5607 Note)

# of payments due postpetition:        2 (through payment due 02/16/16)

# of payments received postpetition:        0

# of payments in default postpetition:        2

Total amount of postpetition payment currently in default:        $22,152 and $4,163.24

+ Postpetition late charges:                                     $_____

+ Other charges (Collection Fees)                                $_____

Foreclosure title work:        $_____
Filing Fee:                    $_____
Skip Trace:                    $_____
Document acquisition costs:    $_____
Service Process Server:   $_____
Escrow shortage:
      Hazard Insurance:        $_____  Dates: _____
      Taxes:                   $_____  Dates: _____
Appraisal:                     $_____
BPO Charges:                   $_____
Property inspection:           $_____
Other (specify)                $_____

= Total Postpetition Arrearage:                                  $_____

**OTHER LOAN INFORMATION**:
    Date of Loan:                December 12, 2006 (5606 Note) @ 7.7% variable
                                  November 27, 2007 (5607 Note) @ 7.25 variable

    Current Interest Rate:       2.75% above the 3 year Treasury Constant Maturity Index
as published by The Wall Street Journal

Money paid to and held by the mortgagee but not applied to the loan n/a; if held in the form of checks, balance of such checks $_____, and identity of holder of the checks _____.

**REQUIRED ATTACHMENTS TO MOTION:**

    (a)      In a Chapter 13 case, a postpetition payment history.

    (b)      In all cases, copies of documents which indicate movant's interest in the subject property. For purposes of example only, a complete and legible copy of the promissory note or other debt instrument together with a complete and legible copy of the real estate mortgage should be attached. The mortgage should bear date stamps reflecting the recording date together with recording references reflecting the recordation of the mortgage with the appropriate county official. If the subject property is registered land, movant shall attach a copy of the registered land certificate or other documentation reflecting that the mortgage was memorialized as a lien on the registered land certificate.

This Exhibit and Worksheet was prepared by:    /s/ Christy A. Prince_____
                                                    Christy A. Prince      (0082220)
                                                    KEGLER BROWN HILL & RITTER
                                                    65 East State Street, Suite 1800
                                                    Columbus, Ohio 43215
                                                    (614) 462-5400
                                                     Fax: (614) 464-2634
                                                    cprince@keglerbrown.com
                                                    *Attorneys for Movant*

## ATTACHMENT TO ALL WORKSHEETS

There have been no post-petition arrearages on any of the obligations.

 /s/ Christy A. Prince
Christy A. Prince        (0082220)
KEGLER BROWN HILL & RITTER
65 East State Street, Suite 1800
Columbus, Ohio 43215
(614) 462-5400
Fax:  (614) 464-2634
cprince@keglerbrown.com
*Attorneys for Movant*