**EXHIBIT S**

COMMON PLEAS COURT
OF DELAWARE COUNTY, OHIO
FILED

IN THE COURT OF COMMON PLEAS
DELAWARE COUNTY, OHIO

2015 NOV 30 PM 3:31

JAN ANTONOPLOS
CLERK

| | |
|---|---|
| The Union Bank Company, successor in interest to The Ohio State Bank fka The Marion Bank, | : |
| | : |
| PLAINTIFF, | : CASE NO. 15 CVE 09-0599 |
| | : |
| v. | : JUDGE EVERETT H. KRUEGER |
| | : |
| United Smokes of America, Ltd. aka United Smokes of America, Ltd. aka United Smokes of America, LLC, et al., | : |
| | : E-FILED |
| DEFENDANTS. | : |

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Ohio Civil Rule 56, Plaintiff The Union Bank Company, successor in interest to The Ohio State Bank fka The Marion Bank moves the Court to enter summary judgment resolving the interests claimed by Defendants United Smokes of America, Ltd. aka United Smokes of America, Ltd. aka United Smokes of America, LLC, Mark A. Kildow, Timothy S. Kildow, Glen T. Kildow and The Warehouse, Inc. A memorandum in support is attached hereto.

Respectfully submitted,

_Christy A. Prince_

Ted M. McKinniss    (0020863)
Christy A. Prince    (0082220)
KEGLER, BROWN, HILL & RITTER, LPA
65 East State Street, Suite 1800
Columbus, Ohio 43215
Tel: (614) 462-5400 / Fax: (614) 464-2634
tmckinniss@keglerbrown.com
cprince@keglerbrown.com
*Counsel for The Ohio State Bank*

15 CV E 09
0599
00028766950
KMOTSJ

1

## **MEMORANDUM IN SUPPORT**

**I.    Introduction**

1.    This is an action brought by Plaintiff The Union Bank Company, successor in interest to The Ohio State Bank formerly known as The Marion Bank ("Plaintiff") to foreclose the mortgages on the following properties and Security Agreement on the following vehicles:

    A.    717 Delaware Avenue aka 111 Superior Street, Marion, Ohio 43302 (the "Delaware Property") and more thoroughly described in the 2001 Mortgage, and more particularly described in Exhibit D to the *Complaint for Money Judgment and Decree in Foreclosure.*

    B.    729 Delaware Avenue, Marion, Ohio 43302, and more particularly described in the 729 Delaware Mortgage, and more particularly described in Exhibit H to the *Complaint for Money Judgment and Decree in Foreclosure.*

    C.    111 Superior Street, Marion, Ohio 43302 (the "717 Delaware Property") and 132 London Road, Delaware Ohio 43015 as well as a 1.594 tract of land located on London Road, Delaware Ohio 43015 (collectively, the "London Property") and more thoroughly described in the 2006 Mortgage, and more particularly described in Exhibit K to the *Complaint for Money Judgment and Decree in Foreclosure.*

    D.    A tract of land located on Harding Highway East, Marion, Ohio 43302 (the "Harding Property") and more thoroughly described in the 2006 Mortgage, and more particularly described Exhibit K to the *Complaint for Money Judgment and Decree in Foreclosure.*

E. 724 Lima Street, Kenton, Ohio 43326 (the "Lima Property") and more thoroughly described in the 2007 Mortgage, and more particularly described in Exhibit P to the *Complaint for Money Judgment and Decree in Foreclosure.*

F. 2004 Cadillac Escalade (VIN 1GYEK63N14R282820) owned by Mark A. Kildow, and more particularly described in Exhibit T to the *Complaint for Money Judgment and Decree in Foreclosure.*

G. 1990 Chevy Camaro (VIN 1G1FP33F9LL116381) owned by Mark A. Kildow, and more particularly described in Exhibit T to the *Complaint for Money Judgment and Decree in Foreclosure.*

2. Defendants United Smokes of America Ltd., Mark A. Kildow, Timothy S. Kildow, Glen T. Kildow, and The Warehouse, Inc. filed answers in response to Plaintiff's Complaint.

3. No genuine issue exists as to any material fact, and Plaintiff is entitled to judgment as a matter of law. Reasonable minds can come to but one conclusion, and that conclusion is adverse to these Defendants.

## II. Legal Standard for Summary Judgment

Summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from evidence that reasonable minds can come to but one conclusion, when viewing such evidence most strongly in favor of the party against whom the motion is made, and that conclusion is adverse to that party. *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344.

A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the

absence of a genuine issue of material fact on the essential elements of the non moving parties claims or defenses. If the party moving for summary judgment has satisfied this initial burden, the party opposing summary judgment then has a reciprocal burden outlined in Civ.R. 56(A) to set forth *specific facts* showing that there is a genuine issue for trial and, if the non moving party does not so respond, summary judgment, if appropriate "*shall* be entered against the non moving party." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293.

Summary judgment is an appropriate device to terminate litigation where there is no issue to try. *Century 21 Apex Realty v. Haddad* (1990), 67 Ohio App.3d 155. On a motion for summary judgment, a disputed fact is "material" if it affects the outcome of the litigation, and is "genuine" if manifested by substantial evidence going beyond allegations of the Complaint or denials in the answer. *Burkes v. Stidham* (1995), 107 Ohio App.3d 363.

### III. Summary of Undisputed Facts

As evidenced by the attached Affidavit of Ellen Neiling as well as the Preliminary Judicial Report filed as Exhibit A to the *Complaint for Money Judgment and Decree in Foreclosure* in this case on September 10, 2015, Plaintiff holds Mortgages on several properties. Affidavit at Para. 5, 8, 14, and 21.

The mortgages secure notes granted to Plaintiff by the Defendants United Smokes of America, Ltd. aka United Smokes of America, Ltd aka United Smokes of America, LLC ("Smokes"), Mark A. Kildow, Glen T. Kildow, Timothy Kildow (the Kildows collectively with Smokes, hereafter called the "Borrowers") and The Warehouse, Inc. ("Warehouse"). Affidavit at Para. 3, 7, 11, 13, 19, and 26. The Affidavit further establishes that Defendants Borrowers and Warehouse have

defaulted on the notes secured by the mortgages. Affidavit at Para. 6, 10, 18, 25, and 28. The amount due on the notes are set forth in the Affidavit. Affidavit at Para. 6, 9, 18, 25, and 27.

The Security Agreement executed and delivered to The Ohio State Bank by Mark A. Kildow granted a security interest in a 2004 Cadillac Escalade and a 1990 Chevrolet Camaro. Affidavit at Para. 29.

The Affidavit and the judicial title report already in the Court record establish the facts material to recordation and priority of the mortgages on the Properties. As a result, Plaintiff is entitled to collection of the amounts due on the notes and foreclosure of the mortgages. As such, no genuine issue exists as to any material fact, and Plaintiff is entitled to summary judgment.

The Delaware County Treasurer, Marion County Treasurer and Hardin County Treasurer have interests and liens upon the properties by virtue of the statutory liens for the real estate taxes and assessments. There is no dispute that the Treasurers' interests have priority over Plaintiff's interest in the properties.

Tax Ease Ohio, LLC has an interest and lien upon the 729 Delaware Property by virtue of the tax lien certificate recorded on December 13, 2013 at Volume 1275, Page 269, and the tax lien certificate recorded on November 6, 2014 at Volume 1304, Page 22 of the Marion County Recorder's Office. There is no dispute that the interest of Tax Ease Ohio, LLC has priority over Plaintiff's interest in the 729 Delaware Property.

The 729 Delaware Mortgage is the first and best lien on the 729 Delaware Property, aside from the lien of the Marion County Treasurer for real estate taxes and assessments, by virtue of the 729 Delaware Mortgage, which was properly filed for record in Marion on October 19, 2006 at File No. 2006-00010190, Book 962, Page 87 in the Marion County Recorder's Office.

The 2006 Mortgage is the first and best lien on the 717 Delaware Property, the Harding Property, the Delaware Property and the Lima Property, but for the liens of the Marion and Hardin County Treasurers for real estate taxes and assessments. The 2006 Mortgage was properly filed for record in Delaware on December 15, 2006 at OR Volume 756, Pages 2578-2593 in the Delaware County Recorder's Office. The 2006 Mortgage was properly filed for record in Marion on December 14, 2006 at File No. 2006-00012044, Book 972, Page 135 in the Marion County Recorder's Office. The 2006 Mortgage was properly filed for record in Hardin on December 15, 2006 at OR Volume 465, Pages 2230-2241 in the Hardin County Recorder's Office.

The 2007 Mortgage is the second best lien on the 717 Delaware Property, the Harding Property, the Delaware Property and the Lima Property. The 2007 Mortgage was properly filed for record in Delaware on December 3, 2007 at OR Volume 820, Pages 142-157 in the Delaware County Recorder's Office. The 2007 Mortgage was properly filed for record in Marion on November 29, 2007 at File No. 2007-00010296, Book 1029, Page 483 in the Marion County Recorder's Office. The 2007 Mortgage was properly filed for record in Hardin on December 3, 2007 at OR Volume 473, Pages 2542-2553 in the Hardin County Recorder's Office.

The priority of interests of all parties as to the various properties is as follows:

1. The Treasurers have interests and liens upon the properties by virtue of the statutory liens of the real estate taxes and assessments. There is no dispute that the Treasurers' interests have priority over Plaintiff's interest in the properties.

2. Tax Ease Ohio, LLC has an interest and lien upon the 729 Delaware Property by virtue of the tax lien certificate recorded on December 13, 2013 at

#4826-3143-7355 v1

6

Volume 1275, Page 269, and the tax lien certificate recorded on November 6, 2014 at Volume 1304, Page 22 of the Marion County Recorder's Office. There is no dispute that the interest of Tax Ease Ohio, LLC has priority over Plaintiff's interest in the 729 Delaware Property.

3. The 729 Delaware Mortgage is the first and best lien on the 729 Delaware Property, aside from the lien of the Marion County Treasurer and Tax Ease Ohio, LLC for real estate taxes and assessments.

4. The 2006 Mortgage is the first and best lien on the 717 Delaware Property, the Harding Property, the Delaware Property and the Lima Property, but for the liens of the Marion and Hardin County Treasurers for real estate taxes and assessments.

5. The 2007 Mortgage is the second best lien on the 717 Delaware Property, the Harding Property, the Delaware Property and the Lima Property.

6. The State of Ohio Department of Taxation claims an interest in the 717 Delaware Property and the Harding Property by virtue of its Certificate of Judgment filed on August 19, 2011 as Marion County Common Pleas Case No. 2011 CJ 0860.

7. The State of Ohio Department of Taxation claims an interest in the 729 Delaware Property by virtue of its Certificate of Judgment filed on November 9, 2011 as Marion County Common Pleas Case No. 2011 CJ 1206.

8. The State of Ohio Department of Taxation claims an interest in the London Property by virtue of its Certificate of Judgment filed on November 20, 2013 as Delaware County Common Pleas Case No. 2013 TL 04358.

9. Peoples Bank NA claims an interest in the 729 Delaware Property, the 717 Delaware Property, and the Harding Property by virtue of its Certificate of Judgment filed on July 24, 2015 as Marion County Common Pleas Case No. 2015 CJ 0179 in the principal amount of $91,612.16 plus accrued interest of $3,291.66, plus interest at the default rate of interest as specified in the promissory note from June 23, 2015 plus late fees and charges of $306.64, plus attorneys' fees pursuant to R.C. 1319.02 and costs.

10. The State of Ohio Bureau of Workers' Compensation may have or claim an interest in the 717 Delaware Property and the Harding Property, by virtue of its Judgment Lien recorded on August 7, 2015 in Volume 1327, Book 874 of the Marion County Recorder's Office.

11. Peoples Bank NA claims an interest in the London Property by virtue of a Certificate of Judgment against Smokes and Timothy S. Kildow filed on September 8, 2015 as judgment lien number 15 CJ 62017 in the Delaware County Clerk of Courts, in the principal amount of $91,612.16 plus accrued interest of $3,291.66, plus interest at the default rate of interest as specified in the promissory note from June 23, 2015 plus late fees and charges of $306.64, plus attorneys' fees pursuant to R.C. 1319.02 and costs.

12. Smokes and Timothy S. Kildow have interests in the Properties by virtue of their ownership interests. The interests claimed by Smokes and Timothy S. Kildow are junior to the interests claimed by Plaintiff and by the other Defendants.

There is no dispute regarding the priority of interests in the Properties.

### IV. Plaintiff is Entitled to Judgment as a Matter of Law

Unless the parties come forward with some evidence of a "genuine" dispute as to a "material" fact, Plaintiff's motion for summary judgment should be granted. *Burkes v. Stidham* (1995), 107 Ohio App.3d 363. The other responding parties will fail to set forth allegations demonstrating that a genuine dispute of material fact exists.

Plaintiff has attached hereto the Affidavit of Ellen Neiling to satisfy the obligation of the moving party to produce evidence of the type listed in Civ.R. 56(C). The Affidavit of Ellen Neiling affirmatively demonstrates that Plaintiff is entitled to judgment as a matter of law. Unless controverted by specific facts set forth in the manner contemplated by Civ.R. 56, this Court should conclude that there is no genuine dispute of material fact requiring a trial, and that Plaintiff is entitled to summary judgment on its Complaint.

### V. Conclusion

Summary judgment is appropriate because there is no genuine dispute as to any material fact; Plaintiff is entitled to judgment as a matter of law; and reasonable minds can come to but one conclusion from the undisputed facts, and that conclusion is adverse to the defendants.

WHEREFORE, Plaintiff The Union Bank Company, successor in interest to The Ohio State Bank fka The Marion Bank, prays for judgment as follows:

(1) Under the First Claim of the Complaint, for judgment against United Smokes of America, Ltd. aka United Smokes of America, Ltd aka United Smokes of America, LLC; Mark A. Kildow; Glen Kildow; and Timothy S. Kildow on the 6801 Note in the amount of $34,416.13, plus accrued interest, fees, and late charges of $2,643.29, plus additional interest at the rate of $6.60 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs;

(2) Under the Second Claim of the Complaint, for judgment against United Smokes of America, Ltd. aka United Smokes of America, Ltd aka United Smokes of America, LLC; Mark Kildow; Glen Kildow; Timothy Kildow; and The Warehouse, Inc. on the 5606 Note in the amount of $1,437,102.32, plus accrued interest, fees, and late charges of $76,053.71, plus additional interest at the rate of $123.63 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs;

(3) Under the Third Claim of the Complaint, for judgment against United Smokes of America, Ltd. aka United Smokes of America, LLC; Mark Kildow; Glen Kildow; and Timothy Kildow on the 5607 Note in the amount of $209,219.09, plus accrued interest, fees, and late charges of $10,203.06, plus additional interest at the rate of $19.03 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs, plus advances, reasonable attorney's fees and costs;

(4) Under the Fourth through Eighth Claims of the Complaint, for judgment:

    (a) That the 729 Delaware Mortgage be declared to be the valid and subsisting first and best lien upon the 729 Delaware Property, but for the liens of

Tax Ease Ohio, LLC and the interest of the Marion County Treasurer for real property taxes and assessments;

(b) That the 2006 Mortgage be declared to be the valid and subsisting first and best lien upon the 717 Delaware Property, the Harding Property, the London Property, and the Lima Property, but for the interest of the respective County Treasurers for real property taxes and assessments;

(c) That the 2007 Mortgage be declared to be the second best lien upon the 717 Delaware Property, the Harding Property, the London Property, and the Lima Property;

(d) That the Mortgages be foreclosed, that all liens be marshaled, that the equity of redemption of all defendants be cut off, barred and foreclosed, and that the Properties be sold as upon execution in accordance with law;

(e) That all defendants be required to set forth any claim, lien, in or upon any of the Properties which he, she, or it may have or be forever barred therefrom;

(f) That upon the sale of the Properties, the proceeds of such sale shall be paid to The Union Bank Company, successor in interest to The Ohio State Bank fka The Marion Bank, to satisfy the amount of its existing liens and the interest, disbursements and advancements for insurance, taxes, and matters related to the premises, together with costs expended herein;

(4) Under the Ninth Claim of the Complaint, for recovery and liquidation of the Vehicles; and

#4826-3143-7355 v1

11

(5)     For such other and further relief to which The Union Bank Company, successor in interest to The Ohio State Bank fka The Marion Bank, may be entitled in equity or at law.

>                              Respectfully submitted,
>
>                              _____
>                              Ted M. McKinniss    (0020863)
>                              Christy A. Prince   (0082220)
>                              KEGLER, BROWN, HILL & RITTER, LPA
>                              65 East State Street, Suite 1800
>                              Columbus, Ohio 43215
>                              Tel: (614) 462-5400 / Fax: (614) 464-2634
>                              tmckinniss@keglerbrown.com
>                              cprince@keglerbrown.com
>                              *Counsel for The Ohio State Bank*

## CERTIFICATE OF SERVICE

A copy of the foregoing was served by regular U.S. mail to the following on this 30th day of November, 2015:

Siobhonne Ward, Esquire
Assistant Prosecuting Attorney
Hardin County Courthouse
One Courthouse Square, Suite 50
Kenton, Ohio 43326
Attorney For Hardin County Treasurer

State of Ohio Bureau of
Workers Compensation
30 West Spring Street
Columbus, Ohio 43215

Tax Ease Ohio LLC
c/o CT Corporation Statutory Agent
1300 East Ninth Street
Cleveland, Ohio 44114

Gina M Piacentino, Esquire
The Weldele & Ciacention
Law Group Co., LPA
88 East Broad Street, Suite 1560
Columbus, Ohio 43215

Douglas E. Ebert, Esquire
Assistant Prosecuting Attorney
134 East Center Street
Marion, Ohio 43302
Attorney For Marion County Treasurer

David A. Goldstein, Esquire
326 S. High Street, Suite 500
Columbus, Ohio 43215
Attorneys For The Warehouse Inc., United
Smokes Of America Ltd, Timothy S. Kildow,
Mark A. Kildow, and Glen T. Kildow

State of Ohio Department of Taxation
Ohio State Attorney General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215

James H. Cannon, Esquire
110 Polaris Parkway, Suite 302
Westerville, Ohio 43082
Attorney For Peoples Bank Na

Mark W. Fowler, Esquire
Assistant Delaware County
Prosecuting Attorney
140 N. Sandusky Street, Third Floor
P.O. Box 8006
Delaware, Ohio 43015
Attorney For Delaware County Treasurer

_____
Christy A. Prince

IN THE COURT OF COMMON PLEAS
DELAWARE COUNTY, OHIO

The Union Bank Company, successor       :
in interest to The Ohio State Bank      :
fka The Marion Bank,                    :
                                        :   CASE NO. 15 CVE 09-0599
        PLAINTIFF,                  :
                                        :   JUDGE EVERETT H. KRUEGER
    V.                                  :
                                        :
United Smokes of America, Ltd.          :
aka United Smokes of America, Ltd       :
aka United Smokes of America, LLC, et al., :
                                        :
        DEFENDANTS.                 :

### AFFIDAVIT OF ELLEN NEILING

STATE OF OHIO          )
                       ) SS
COUNTY OF MARION       )

    Now comes Ellen Neiling, Assistant Vice President, Asset Management with The Union Bank Company ("Union Bank"), and hereby affirms and deposes as follows:

    1.    I am over the age of eighteen and am competent to testify to the information herein.

    2.    Union Bank is the successor to The Ohio State Bank formerly known as The Marion Bank.

    3.    On or about June 15, 2001, United Smokes of America, Ltd. aka United Smokes of America, Ltd aka United Smokes of America, LLC ("Smokes"), Mark A. Kildow, Glen T. Kildow, and Timothy Kildow (collectively, "Borrowers") executed and delivered to The Ohio State Bank fka The Marion Bank a Universal Note and Security Agreement in the original principal amount of

$50,145.00 with a loan number ending in 6801 (the "6801 Note"). A copy of the 6801 Note was attached to the Complaint as Exhibit B.

4. The 6801 Note was modified several times. Copies of the modifications to the 6801 Note were attached to the Complaint as Exhibits C1 to C5. The modifications to the 6801 Note affirmed all other terms of the 6801 Note.

5. In order to secure the 6801 Note as modified, Smokes executed and delivered to The Ohio State Bank fka The Marion Bank a mortgage (the "2001 Mortgage") on the property commonly known as 717 Delaware Avenue aka 111 Superior Street, Marion, Ohio 43302 (the "Delaware Property") and more thoroughly described in the 2001 Mortgage, which was attached to the Complaint as Exhibit D.

6. Borrowers are in default under the terms of the 6801 Note as modified by the Modifications. The balance due on the 6801 Note as modified is $34,416.13, plus accrued interest, fees, and late charges of $2,643.29, plus additional interest at the rate of $6.60 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs.

7. On or about October 13, 2006, Mark A. Kildow executed and delivered to The Ohio State Bank a Universal Note and Security Agreement in the original principal amount of $64,000.00 with a loan number ending in 5508 (the "5508 Note"). A copy of the 5508 Note was attached to the Complaint as Exhibit F.

8. In order to secure the 5508 Note, Mark A. Kildow executed and delivered to The Marion Bank a mortgage (the "729 Delaware Mortgage") on the property commonly known as 729 Delaware Avenue, Marion, Ohio 43302, and more particularly described in the 729 Delaware Mortgage, which was attached to the Complaint as Exhibit H.

9. Union Bank obtained judgment (the "Judgment") on the 5508 Note on June 30, 2015 in the amount of $43,714.10, plus accrued interest, fees, and late charges of $945.57, plus additional interest at the rate of $3.98 per day from June 3, 2015 to the date of payment in *The Union Bank Company, successor in interest to The Ohio State Bank, v. Mark A. Kildow*, Marion County Common Pleas Case No. 2015 CV 0279. A copy of the Judgment was attached to the Complaint as Exhibit G.

10. The Judgment is unpaid in full.

11. On or about December 12, 2006, Borrowers executed and delivered to The Ohio State Bank a Universal Note and Security Agreement in the original principal amount of $1,930,000.00 with a loan number ending in 5606 (the "5606 Note"). A copy of the 5606 Note was attached to the Complaint as Exhibit I.

12. The 5606 Note was modified several times. Copies of the modifications to the 5606 Note were attached to the Complaint as Exhibits J1 to J2. The modifications to the 5606 Note affirmed all other terms of the 5606 Note.

13. On or about December 12, 2006, The Warehouse, Inc. executed and delivered to The Ohio State Bank a Guaranty ("Guaranty") of the 5606 Note, a copy of which was attached to the Complaint as Exhibit J3.

14. In order to secure the 5606 Note, Smokes executed and delivered to The Marion Bank a mortgage (the "2006 Mortgage") on the following properties:

(A) The property commonly known as 717 Delaware Avenue aka 111 Superior Street, Marion, OH 43302, Marion, Ohio 43302 (the "717 Delaware Property") and more thoroughly described in the 2006 Mortgage;

(B) The property commonly known as 132 London Road, Delaware Ohio 43015 as well as a 1.594 tract of land located on London Road, Delaware Ohio

43015 (collectively, the "London Property") and more thoroughly described in the 2006 Mortgage;

(C) A tract of land located on Harding Highway East, Marion, Ohio 43302 (the "Harding Property") and more thoroughly described in the 2006 Mortgage.

15. The 2006 Mortgage was properly filed for record in the Delaware County Recorder's Office, a copy of which was attached to the Complaint as Exhibit K.

16. The 2006 Mortgage was properly filed for record in the Marion County Recorder's Office, a copy of which was attached to the Complaint as Exhibit L.

17. The 2006 Mortgage was properly filed for record in the Hardin County Recorder's Office, a copy of which was attached to the Complaint as Exhibit M.

18. Borrowers are in default under the terms of the 5606 Note as modified. The balance due on the 5606 Note as modified is $1,437,102.32, plus accrued interest, fees, and late charges of $76,053.71, plus additional interest at the rate of $123.63 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs.

19. On or about November 27, 2007, Borrowers executed and delivered to The Ohio State Bank a Universal Note and Security Agreement in the original principal amount of $280,000.00 with a loan number ending in 5607 (the "5607 Note"). A copy of the 5607 Note was attached to the Complaint as Exhibit N.

20. The 5607 Note was modified two times. Copies of the modifications to the 5607 Note were attached to the Complaint as Exhibits O1 to O2. The modifications to the 5607 Note affirmed all other terms of the 5607 Note.

21. In order to secure the 5607 Note, Smokes executed and delivered to The Marion Bank a mortgage (the "2007 Mortgage") on the 729 Delaware Property, the London Property, the Harding Property, and the Lima Property.

22. The 2007 Mortgage was properly filed for record in the Delaware County Recorder's Office, a copy of which was attached to the Complaint as Exhibit P.

23. The 2007 Mortgage was properly filed for record in the Marion County Recorder's Office, a copy of which was attached to the Complaint as Exhibit Q.

24. The 2007 Mortgage was properly filed for record in the Hardin County Recorder's Office, a copy of which was attached to the Complaint as Exhibit R.

25. Borrowers are in default under the terms of the 5607 Note as modified by the Modifications. The balance due on the 5607 Note is $209,219.09, plus accrued interest, fees, and late charges of $10,203.06, plus additional interest at the rate of $19.03 per day from June 3, 2015 until the date of payment, plus advances, reasonable attorney's fees and costs.

26. On or about August 15, 2011, Mark A. Kildow executed and delivered to The Ohio State Bank a Universal Note and Security Agreement in the original principal amount of $60,000.00 with a loan number ending in 8902 (the "8902 Note"). A copy of the 8902 Note was attached to the Complaint as Exhibit S.

27. Union Bank obtained a judgment (the "Judgment") on the 8902 Note on June 30, 2015 in the amount of $37,006.02, plus accrued interest, fees, and late charges of $3,125.09, plus additional interest at the rate of $7.10 per day from June 3, 2015 to the date of payment; in *The Union Bank Company, successor in interest to The Ohio State Bank, v. Mark A. Kildow,* Marion

County Common Pleas Case No. 2015 CV 0279. A copy of the Judgment was attached to the Complaint as Exhibit G.

28. The Judgment is unpaid in full.

29. In order to secure all debts owed to The Ohio State Bank, Mark A. Kildow executed and delivered to The Ohio State Bank a Security Agreement ("Security Agreement") granting a security interest in a 2004 Cadillac Escalade and in a 1990 Chevy Camaro (collectively, the "Vehicles"). A copy of the Security Agreement was attached to the Complaint as Exhibit T.

30. The Security Agreement secures the amounts owed by Mark A. Kildow on the 6801 Note, the 5606 Note, the 5607 Note, and the Judgment.

31. The security interests created by the Security Agreement were properly perfected by notation of liens on the Vehicles' Certificates of Title. Copies of the electronic Certificates of Title for the Vehicles were attached to the Complaint as Exhibits U1 and U2.

Further affiant sayeth naught.

_____
Ellen Neiling

Sworn before me, a Notary Public, this 25 day of November, 2015.

_____
Notary Public
My commission expires: Oct. 9, 2018

.NE DUNLAP
Public, State of Ohio
mmission Expires
October 9, 2018