**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No.  16-50628 |
| | : | |
| **TIMOTHY SCOTT KILDOW** | : | Chapter 13 |
| | : | |
| Debtor. | : | Judge John E. Hoffman, Jr. |
| | : | |

_____

**OBJECTION TO CONFIRMATION OF DEBTOR'S AMENDED PLAN**
_____

Now comes Creditor Fifth Third Bank ("Fifth Third"), by and through counsel, and hereby objects to the proposed Amended Chapter 13 Plan (the "Plan") filed by Debtor Timothy Scott Kildow ("Debtor") on or about March 22, 2016 (Doc. #57) in accordance with Federal Rule of Bankruptcy Procedure 3015.  The Plan should not be confirmed because: (a) the proposed Plan is likely not feasible; and (b) neither the Petition nor the Plan were filed in good faith.  Therefore, Fifth Third respectfully requests that this Court deny confirmation of the Plan.

**I.      BACKGROUND ON FIFTH THIRD COMMERCIAL LOAN RELATIONSHIP**

On or about February 15, 2012, Debtor executed and delivered to Fifth Third an Amended, Restated and Consolidated Term Note in the principal amount of $145,592.26 (the "Note") that is the renewal and consolidation of the following commercial promissory notes all executed by Debtor (a true and accurate copy of the Note is attached as Exhibit A):

    A.    Term Note dated August 25, 2005 in the original principal amount of $74,039.97 as the same has been amended by Forbearance Agreements dated November 23, 2010 and March 30, 2011 ("Note 26"),

    B.    Term Note dated August 22, 2005 in the original principal amount of $50,000.00 as the same has been amended by Forbearance Agreements dated November 23, 2010 and March 30, 2011 ("Note 34"), and

    C.    Term Note dated April 1, 2009 in the original principal amount of $112,831.81 as the same has been amended by a Forbearance Agreements dated March 31, 2010 and March 31, 2011 ("Note 18").

[1]Note 26 and the Note are secured by a mortgage granted by Debtor in and to certain real property commonly known as 1085 West Center Street, Marion, Ohio 43302 ("Property 1085") duly recorded with the Marion County Recorder's Office ("Mortgage 26"). A true and accurate copy of Mortgage 26 is attached as Exhibit B. Note 34 and the Note are secured by a mortgage granted by Debtor against Property 1085 duly recorded with the Marion County Recorder's Office ("Mortgage 34"). A true and accurate copy of Mortgage 34 is attached as Exhibit C. Note 18 and the Note are secured by a mortgage granted by Debtor in and to certain real property commonly known as 320 West Center Street, Marion, Ohio 43302 ("Property 320") duly recorded with the Marion County Recorder's Office ("Mortgage 18"). A true and accurate copy of Mortgage 18 is attached as Exhibit D.

The Note was amended by the following Forbearance Agreements: Second Amended Forbearance and Loan Modification Agreement dated February 15, 2012 (a true and accurate copy is attached as Exhibit E); Third Amended Forbearance and Loan Modification Agreement dated February 11, 2013 (a true and accurate copy is attached as Exhibit F); Fourth Amended Forbearance and Loan Modification Agreement dated February 27, 2014 (a true and accurate copy is attached as Exhibit G); Fifth Amended Forbearance and Loan Modification Agreement dated March 28, 2015 (a true and accurate copy is attached as Exhibit H); and Sixth Amended Forbearance and Loan Modification Agreement dated August 21, 2015(a true and accurate copy is attached as Exhibit I). Pursuant to the Sixth Amended Forbearance and Loan Modification Agreement, the Note matured on December 31, 2015 at which time the entire balance of the Note was due and owing, and interest accrued on the Note at the fixed rate of 8.5% per annum.

Debtor proposes to pay $1,500.00 per month to the Note until paid in full at a rate of 4.0% for the real property known as 320 West Center Street, Marion, Ohio[1]. Debtors do not

---

[1] The principal and interest payments last made on the Note were $2,700.00 per month.

propose any payments to the Note for the real property known as 1085 West Center Street, Marion, Ohio. In fact, Debtor does not acknowledge the two mortgages filed by Fifth Third against this property (see Exhibits B and C attached hereto) and instead proposed to use all of the sale proceeds of this property as a payment towards the Plan[2]. [2] Therefore, Fifth Third respectfully requests that this Court deny confirmation of the Plan.

## II. LAW AND ANALYSIS

11 U.S.C. § 1325(a) identifies the requirements for a Chapter 13 Plan to be confirmed. These requirements include the following: (3) the plan has been proposed in good faith and not by any means forbidden by law; … (7) the action of the debtor in filing the petition was in good faith." 11 U.S.C. § 1325(a)(3),(7). Debtor's Plan clearly fails to meet these requirements and must, therefore, be denied.

### A. The Proposed Plan may not be Feasible.

Debtors' Plan may not feasible and therefore should be denied. The Plan proposes monthly payments to Fifth Third in the amount of $1,500.00 assumedly derived from the lease income on the property. Pursuant to the Schedules, the monthly rent from the Marion Property is approximately $2,500.00 per month. However, the terms of the lease are unknown and consequently, the other expenses that must be paid from this monthly rent payment are unknown. Without additional information, it is impossible to determine if the monthly income from the rent on this property is sufficient to support the proposed monthly payment to Fifth Third. Therefore, Debtor may have failed to produce a feasible plan, and confirmation of the Plan must be denied.

---

[2] Debtor's schedule does acknowledge that a mortgage in favor of Fifth Third does exist against this property. See Schedule A/B 1.3 and 1.4.

### B. The Proposed Plan and Petition Were Not Filed in Good Faith.

Debtor's Plan should not be confirmed because the Plan and the Schedules were not filed in good faith. According to Bankruptcy Code §1325(a)(3), a reorganization plan must be filed "in good faith and not by any means forbidden by law." 11 U.S.C. §1325(a)(3). Additionally, the filing of the proposed plan was not in accordance with the requirements of 11 U.S.C. §1325(a)(7). The Sixth Circuit suggested a twelve-part test to determine if a debtor's plan is proposed in good faith.

1. the amount of the proposed payments and the amount of the debtor's surplus;
2. the debtor's employment history, ability to earn and likelihood of further increase in income;
3. the probable or expected duration of the plan;
4. the accuracy of the plan's statements of the debtors, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court
5. the extent of preferential treatment between classes of creditors;
6. the extent to which secured claims are modified;
7. the type of debt sought to be discharged and whether any such debt is nondischargeable in chapter 7;
8. the existence of special circumstances such as inordinate medical expenses;
9. the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;
10. the motivation and sincerity of the debtor in seeking Chapter 13 relief;
11. the burden which the plan's administration would place upon the trustee; and
12. whether the debtor is attempting to abuse the spirit of the Bankruptcy Code.

*In re Okoreeh-Baah*, 836 F.2d 1030 (6th Cir. 1988).

Debtor's Plan calls for the sale of 1085 West Center Street, Marion, Ohio and distribution of the proceeds to all creditors without consideration of satisfaction of Fifth Third's secured debt as evidenced by Mortgage 26 and Mortgage 34. Debtor estimates that the proceeds of the sale of Property 1085 will generate proceeds of $175,000.00 which is more than double of the value of

this real property as set forth in Debtor's schedules. Furthermore, Debtor's Calculation of Your Disposable Income (Doc. 18) demonstrates a negative monthly income. There is no explanation in the Plan to overcome this deficiency to show how the plan payments will be made. As a result, Debtors' Petition was not filed in good faith and confirmation of the Plan should be denied.

Debtors propose to modify the interest rates of the fully secured claims of Fifth Third to the rate of 4.0% per annum. The appropriate size of the risk adjustments depends on such factors as the circumstances of the estate, the nature of the security and the duration and feasibility of the reorganization plan. *Till v. SCS Credit Corp.,* 541 U.S. 465, 478-79 (2004). The secured claims of Fifth Third are commercial obligations which are secured by commercial property. In light of the suspected use of rents from the collateral real property to partially fund the Plan, and the lack of feasibility of the Plan, the Debtors have not provided a proper rate of interest on the secured claims of Fifth Third. Debtors' Plan should provide a higher risk factor adjustment, or in the alternative, the contracted rate of interest on Fifth Third's secured claims. Therefore the Plan has not been proposed in good faith and confirmation of the Plan should be denied.

## III.   CONCLUSION

Therefore for the foregoing reasons cited, Fifth Third Bank respectfully requests that confirmation of the Plan be denied.

Respectfully submitted,

STATMAN HARRIS & EYRICH LLC

/S/ Patricia L. Hill

_____
Patricia L. Hill           (0072595)
1 South Main Street, Suite 900
Dayton, Ohio  45402
937/222-1090
937/222-1046 (fax)
notices@statmanharris.com
*Attorneys for Creditor Fifth Third Bank*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Objection to Debtor's Amended Chapter 13 Plan* has been served this 12th day of April 2016 through this Court's ECF system upon the following:

Marshall D. Cohen
mcohen@financialdignity.com
*Attorney for Debtor*

Fayr D. English
notices@ch13columbus.com
*Chapter 13 Trustee*

Assistant US Trustee (Columbus)
Ustpregion09.cb.ecf@usdoj.gov

Karl C. Kerschner
gtr@meyerkerschner.com
*Attorney for Ohio Department of Taxation*

Christy A. Prince
cprince@keglerbrown.com
*Attorney for The Union Bank Company*

James H. Cannon
jcannon@barrenmerrylaw.com
*Attorney for Peoples Bank*

The undersigned hereby certifies that a copy of the foregoing Objection to Debtor's Amended Chapter 13 Plan has been served this 12th day of April 2016 by ordinary U.S. Mail, first class postage prepaid to:

Timothy Scott Kildow
9203 Walker Park Drive
Columbus, OH 43240

Timothy Scott Kildow
9203 Walker Park Drive
Columbus, OH 43240

/S/ Patricia L. Hill
_____
Patricia L. Hill