**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | : | Case No. 16-50628 |
| Timothy Scott Kildow | : | Chapter 13 |
| Debtor. | : | Judge John E. Hoffman, Jr. |

**TRUSTEE'S MOTION FOR AUTHORITY TO DISBURSE FUNDS**

Now comes Faye D. English, Chapter 13 Trustee herein ("Trustee"), and moves the Court pursuant to 11 U.S.C. §105(a) and 1326(a)(2) for an order authorizing Trustee to disburse funds she is holding in her Trust account to Timothy Scott Kildow ("Debtor"), less any administrative expenses. In support of her motion, Trustee offers the following Memorandum in support.

**MEMORANDUM**

**I. STATEMENT OF FACTS**

On December 23, 2015, Debtor filed for relief under Chapter 13 of the United States Bankruptcy Code, which case was transferred from the Northern District of Ohio at Toledo to the Southern District of Ohio at Columbus and assigned Case No. 16-50628. Debtor was unable to achieve confirmation of the plan, and on May 18, 2016, this Court entered its Order Denying Confirmation and Dismissing Case (Doc. #74) ("Dismissal Order"). At the time of dismissal, Trustee was holding $19,475.00 in her trust account on behalf of Debtor. These funds comprise the plan payments tendered to Trustee through the time the case was dismissed.

This Court retained jurisdiction pursuant to 11 U.S.C. §349 "to consider administrative matters only, including the allowance of administrative fees and expenses, the disbursement of adequate protection payments pursuant to 11 U.S.C. §1326, and the closing of the case." *See* Dismissal Order. Pursuant to the Dismissal Order, any applications for allowance of administrative expenses, including attorneys and appraisal fees were required to be filed within

fourteen days of dismissal.

On May 31, 2016, Attorney Cohen timely filed an Application for Compensation (Doc. 76) requesting approval of fees in the amount of $9,712.00 with $6,055.00 to be paid from funds Trustee is holding in her trust account on behalf of Debtor. The twenty-one day response period has passed; no objections have been filed. No other applications for allowance of administrative expenses or appraisal fees were filed.

On or about June 24, 2016, without seeking leave of the Bankruptcy Court, Trustee was served by certified mail with an Affidavit, Order, and Notice of Garnishment and Answer of Garnishee (Property Other than Personal Earnings) (the "Garnishment") in the case *State of Ohio Department of Taxation v. Timothy S. Kildow, et al.*, Case No. 10-JG-034382 in the Franklin County, Ohio Common Pleas Court. A copy of the Garnishment is attached as Exhibit A. The Garnishment relates to a pre-petition judgment against Debtor held by the State of Ohio Department of Taxation ("State of Ohio"). On July 5, 2016, Trustee submitted for electronic filing in the state court a Motion to Quash the Garnishment, a copy of which is attached as Exhibit B.

II. **LAW AND ARGUMENT**

    A.    **The State of Ohio may not cause the Franklin County Court of Common Pleas to issue a garnishment order to Trustee without first obtaining authorization from the Bankruptcy Court.**

Since 1881, it has been axiomatic that a bankruptcy trustee or other party acting as a receiver for a proceeding in federal court is under the exclusive jurisdiction of the federal court with jurisdiction over that case. *Barton v. Barbour*, 104 U.S. 126 (1881).

The *Barton* doctrine, later codified as 28 U.S.C. §959(a), has been uniformly extended to trustees working under the Bankruptcy Code. The controlling interpretation of the *Barton* doctrine was set down by the Sixth Circuit in *Allard v. Weitzman (In re DeLorean Motor Co.)*,

2

991 F.2d 1236 (6th Cir. 1993), and is summarized as follows:

> It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court [citing *Barton*, other citations omitted].

A more recent case from the Ninth Circuit reaffirms this doctrine, since the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act (effective October 17, 2005), and provides a good summary of decisions around the various circuits. In *Beck v. Fort James Fiber Co. (In re Crown Vantage, Inc.)*, 421 F. 3d 963 (9th Cir. 2005), that Court stated at pages 970-971:

> We join our sister circuits in holding that a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity. *See Muratore v. Darr*, 375 F.3d, 140, 147 (1st Cir. 2004); *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000); *In re Linton*, 136 F.3d 544, 546 (7th Cir. 1998); *Lebovits v. Scheffel (In re Lehal Realty Assocs.)*, 101 F. 3d 271, 276 (2d Cir. 1996); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993). In our circuit, the doctrine was recognized by our Bankruptcy Appellate Panel in *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 883-85 (9th Cir. BAP 1995).
>
> This holding is firmly grounded in the *Barton* doctrine, established by the Supreme Court over a century ago, which provides that, before suit can be brought against a court-appointed receiver, "leave of the court by which he was appointed must be obtained." 104 U.S. at 127; [additional citations omitted]. The Court held that if leave of court were not obtained, then the other forum lacked subject matter jurisdiction over the suit. *Barton*, 104 U.S. at 127.
>
> [ . . . ]
>
> The *Barton* doctrine applies in bankruptcy, because "[t]he trustee in bankruptcy is a statutory successor to the equity receiver," and "just like the equity receiver, a trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the court's control by virtue of the Bankruptcy Code." *Linton*, 136 F.3d at 545.

In a case where a domestic relations court issued a restraining order that provides "that the $10,000.00 currently in possession of the Chapter 13 Trustee shall be deposited into

3

Plaintiff/attorney's trust account until the pending Contempt motion has been heard and ruled upon," Judge Perlman cited the Ninth Circuit authority above in determining that "[t]he state court does not have jurisdiction to issue an order so directing the Trustee, and its order is therefore void to that extent." *See In re Jacobs*, attached as Exhibit C.

Applying the foregoing authority to the case at bar, only the Bankruptcy Court may instruct Trustee what to do with funds she holds in her trust account on behalf of Debtor. Trustee proposes to disburse those funds to Debtor, less any funds that may be disbursed to Attorney Cohen if his Application for Compensation is approved by this Court. If the State of Ohio believes it is entitled to any of the funds, it must seek instruction from the Bankruptcy Court before Trustee will be obligated to disburse any funds to it.

    **B.    Should this Court find that the *Barton* Doctrine does not apply, Trustee is obligated to disburse funds in accordance with 11 U.S.C. §1326(a)(2).**

In a case that is dismissed prior to confirmation, 11 U.S.C. §1326(a)(2) provides the procedure for Trustee to disburse funds. Paragraph (1) of section 1326(a) provides that a debtor will make payments to the trustee, and in reference to those payments, §1326(a)(2) provides: "[i]f a plan is not confirmed, the trustee shall return any such payments . . . to the debtor." The only deductions permitted are adequate protection payments allowed under §1326(a)(3) and administrative expense priority claims under 11 U.S.C. §503(b).

Several courts, including Judge Caldwell, have considered this section of the Bankruptcy Code in connection with a state court garnishment and concluded that the directive of §1326(a)(2) takes precedence over the garnishment. In *In re Inyamah*, 375 B.R. 183 (Bankr. S.D. Ohio 2007), Judge Caldwell concluded (*citing to In re Davis,* 2004 Bankr. LEXIS 1197 (Bankr. M.D. Ala. 2004) at page 185:

> As expressed by the Court in *In re Davis*, the language of 1326(a)(2) is clear and unambiguous. In such instances, courts are required to follow the principle of

statutory construction that dictates adhering to the plain meaning of statutes unless doing so renders an outcome contrary to congressional intent. [internal citations omitted] As noted by the *Davis* court, returning the funds to debtors accomplishes three statutory purposes: (1) when plans fail allowing creditors to seize debtors' funds would be in conflict with the policy of encouraging chapter 13 filings; (2) return of the funds to debtors allows for the prompt closing of the estate by precluding conflicting efforts of creditors to gain access to funds held by chapter 13 trustees; and (3) returning funds to debtors fosters the concept of revesting upon dismissal by placing the funds in their hands thereby restoring all parties to their original positions.

Thus, in the present case, Trustee has a statutory obligation to return funds held in Trustee's trust account, less any administrative expenses, to Debtor. The state court garnishment does not trump the plain meaning of §1326 of the Bankruptcy Code; to conclude otherwise would create an untenable result in which judgment creditors could line up with garnishments waiting for a Chapter 13 case to be dismissed.

### III. CONCLUSION

Trustee respectfully requests that this Court enter an order (i) finding that the *Barton* doctrine and/or 11 U.S.C. §1326(a)(2) preempt the state court garnishment action and that the Garnishment is void as to Trustee; (ii) authorizing Trustee to disburse funds to Attorney Cohen on his Application for Compensation, if approved by this Court; (iii) authorizing Trustee to disburse the remaining funds to Debtor; and (iv) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Faye D. English
Faye D. English, Chapter 13 Trustee
10 West Broad St., Ste. 900
Columbus, OH 43215
(614) 420-2555
(614) 420-2550 (fax)
faye.english@ch13columbus.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | : | Case No.  16-50628 |
| Timothy Scott Kildow | : | Chapter 13 |
| Debtor. | : | Judge John E. Hoffman, Jr. |

**NOTICE OF MOTION FOR AUTHORITY TO DISBURSE FUNDS
\*\*WITH SEPARATE MOTION TO REDUCE RESPONSE PERIOD AND FOR
EXPEDITED HEARING AND/OR DISPOSITION\*\***

Faye D. English, Chapter 13 Trustee ("Trustee"), has filed papers with the Court seeking authority to disburse funds. **Trustee has also filed a separate motion to reduce response period and for expedited hearing and/or disposition.**

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to reduce, modify or eliminate your claim, then within **twenty one (21) days** from the service date of the motion, **or by any reduced time period ordered by the Court** you or your attorney must file with the Court a written response explaining your position at:

U.S. Bankruptcy Court,
170 N. High Street
Columbus, OH 43215

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the deadline stated above, **or by any reduced time period ordered by the Court**. You must also mail a copy to all parties required to be served pursuant to the Federal and Local Rules of Bankruptcy Procedure, including the Chapter 13 Trustee at:

Faye D. English, Chapter 13 Trustee
10 W. Broad Street, Suite 900
Columbus, OH 43215

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

Date: July 5, 2016     /s/ Faye D. English
     Faye D. English (0075557)

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion for Authority to Disburse Funds and Notice of Opportunity to Object was served on July 5, 2016 upon the following in the manner indicated below:

By the Court's ECF System and electronic mail:
Asst. U.S. Trustee
Marshall D. Cohen, Attorney for Debtor

By ordinary U.S. mail, postage pre-paid, addressed to:
Timothy Scott Kildow
320 West Center Street
Marion, OH 43302
Debtor

By ordinary U.S. mail, postage pre-paid, and electronic mail addressed to:
Karl C. Kerschner, Esq.
Meyer & Kerschner, Ltd.
106 E. Market Street, P.O. Box 400
Tiffin, OH 44883
kck@meyerkerschner.com
Attorney for State of Ohio Department of Taxation

Douglas A. Stephan, Esq.
Meyer & Kerschner, Ltd.
106 E. Market Street, P.O. Box 400
Tiffin, OH 44883
das@meyerkerschner.com
Attorney for State of Ohio Department of Taxation

/s/ Faye D. English
Faye D. English (0075557)