## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| State of Ohio Department of Taxation, | : | |
| Plaintiff, | : | Case No. 10-JG-034382 |
| vs. | : | |
| Timothy S. Kildow, et al., | : | |
| Defendants. | : | |

### MOTION TO QUASH GARNISHMENT

Now comes Faye D. English, the Standing Chapter 13 Trustee for the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division at Columbus (hereinafter "Trustee"), and moves this Court for an order quashing the garnishment filed June 20, 2016. As described in the memorandum below and with due respect to this Court, this putative garnishee is not subject to orders, including garnishment orders, of this or other courts without the prior approval of the Court which has appointed her, to wit: the United States Bankruptcy Court for the Southern District of Ohio.

### MEMORANDUM

I. **STATEMENT OF FACTS**

Timothy S. Kildow ("Kildow") is a judgment debtor in the above captioned case. Trustee does not dispute that the judgment awarded Plaintiff by this Court remains unsatisfied.

On December 23, 2015, Kildow filed for relief under Chapter 13 of the United States Bankruptcy Code, which case was transferred from the Northern District of Ohio at Toledo to the Southern District of Ohio at Columbus and assigned Case No. 16-50628. On May 18, 2016, the bankruptcy was dismissed by the Bankruptcy Court.

At the time of dismissal, Trustee was holding $19,475.00 in her trust account on behalf of

Kildow. These funds comprise the plan payments tendered to Trustee through the time the case was dismissed. Some of these funds would ordinarily be disbursed to Kildow.

On or about June 24, 2016, without seeking leave of the Bankruptcy Court, Trustee was served by certified mail with an Affidavit, Order, and Notice of Garnishment and Answer of Garnishee (Property Other than Personal Earnings) (the "Garnishment") in the above-captioned case.

Even if Trustee was obligated to complete and return the Answer of Garnishee, she is without sufficient information to do so. The first question on the Answer of Garnishee asks garnishee to certify whether garnishee "has more than $475 in money, property, or credits, other than personal earnings, of the Judgment Debtors under the garnishee's control and in the garnishee's possession." The only answer choices are "YES" and "NO."

While the majority of funds Trustee holds in her trust account represent wages received directly from Kildow's employer pursuant to a wage order, the remaining funds were received from Kildow by personal check. Thus, Trustee does not have sufficient information to certify whether she is in possession of money, property, or credits, other than personal earnings of the judgment debtor in excess of $475. For this reason and those stated within, Trustee has not completed and returned the Answer of Garnishee and instead moves to quash the Garnishment.

II. **LAW AND ARGUMENT**

The State of Ohio may not cause the Franklin County Court of Common Pleas to issue a garnishment order to Trustee without first obtaining authorization from the United States Bankruptcy Court, Southern District of Ohio. Since 1881, it has been axiomatic that a bankruptcy trustee or other party acting as a receiver for a proceeding in federal court is under the exclusive jurisdiction of the federal court with jurisdiction over that case. *Barton v. Barbour*,

104 U.S. 126 (1881).

The *Barton* doctrine, later codified as 28 U.S.C. §959(a), has been uniformly extended to trustees working under the Bankruptcy Code. The controlling interpretation of the *Barton* doctrine was set down by the Sixth Circuit in *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236 (6th Cir. 1993), and is summarized as follows:

> It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court [citing *Barton*, other citations omitted].

A more recent case from the Ninth Circuit reaffirms this doctrine, since the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act (effective October 17, 2005), and provides a good summary of decisions around the various circuits. In *Beck v. Fort James Fiber Co. (In re Crown Vantage, Inc.)*, 421 F. 3d 963 (9th Cir. 2005), that Court stated at pages 970-971:

> We join our sister circuits in holding that a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity. *See Muratore v. Darr*, 375 F.3d, 140, 147 (1st Cir. 2004); *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000); *In re Linton*, 136 F.3d 544, 546 (7th Cir. 1998); *Lebovits v. Scheffel (In re Lehal Realty Assocs.)*, 101 F. 3d 271, 276 (2d Cir. 1996); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993). In our circuit, the doctrine was recognized by our Bankruptcy Appellate Panel in *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 883-85 (9th Cir. BAP 1995).

> This holding is firmly grounded in the *Barton* doctrine, established by the Supreme Court over a century ago, which provides that, before suit can be brought against a court-appointed receiver, "leave of the court by which he was appointed must be obtained." 104 U.S. at 127; [additional citations omitted]. The Court held that if leave of court were not obtained, then the other forum lacked subject matter jurisdiction over the suit. *Barton*, 104 U.S. at 127.

> [ . . . ]

> The *Barton* doctrine applies in bankruptcy, because "[t]he trustee in bankruptcy is

3

a statutory successor to the equity receiver," and "just like the equity receiver, a trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the court's control by virtue of the Bankruptcy Code." *Linton*, 136 F.3d at 545.

In a case where a domestic relations court issued a restraining order that provides "that the $10,000.00 currently in possession of the Chapter 13 Trustee shall be deposited into Plaintiff/attorney's trust account until the pending Contempt motion has been heard and ruled upon," Bankruptcy Judge Perlman in Cincinnati cited the Ninth Circuit authority above in determining that "[t]he state court does not have jurisdiction to issue an order so directing the Trustee, and its order is therefore void to that extent." *See In re Jacobs*, attached as Exhibit A.

In addition, several courts, including Bankruptcy Judge Caldwell in Columbus, have considered 11 U.S.C. §1326 in connection with a state court garnishment and concluded that the directive of §1326(a)(2) takes precedence over the garnishment. In *In re Inyamah*, 375 B.R. 183 (Bankr. S.D. Ohio 2007), Judge Caldwell concluded (*citing to In re Davis,* 2004 Bankr. LEXIS 1197 (Bankr. M.D. Ala. 2004) at page 185:

> As expressed by the Court in *In re Davis*, the language of 1326(a)(2) is clear and unambiguous. In such instances, courts are required to follow the principle of statutory construction that dictates adhering to the plain meaning of statutes unless doing so renders an outcome contrary to congressional intent. [internal citations omitted] As noted by the *Davis* court, returning the funds to debtors accomplishes three statutory purposes: (1) when plans fail allowing creditors to seize debtors' funds would be in conflict with the policy of encouraging chapter 13 filings; (2) return of the funds to debtors allows for the prompt closing of the estate by precluding conflicting efforts of creditors to gain access to funds held by chapter 13 trustees; and (3) returning funds to debtors fosters the concept of revesting upon dismissal by placing the funds in their hands thereby restoring all parties to their original positions.

*See In re Inyamah*, attached as Exhibit B.

Applying the foregoing authority to the case at bar, only the Bankruptcy Court may instruct Trustee what to do with funds she holds in her trust account on behalf of Debtor. Trustee

4

proposes to disburse those funds to Debtor, less any funds that may be disbursed to Attorney Cohen if his Application for Compensation is approved by this Court. If the State of Ohio believes it is entitled to any of the funds, it must seek instruction from the Bankruptcy Court before Trustee will be obligated to disburse any funds to it.

### III. CONCLUSION

For the foregoing reasons, Trustee prays that this Court quash the garnishment as the order it entails cannot be enforced against the Trustee.

Respectfully submitted,

/s/ Stacey A. O'Stafy
Stacey A. O'Stafy (0070386), Staff Attorney for
Faye D. English, Chapter 13 Trustee
10 West Broad St., Ste. 900
Columbus, OH 43215
(614) 420-2555
(614) 420-2550 (fax)
stacey.ostafy@ch13columbus.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Quash Garnishment was served on July 5, 2016 upon the following in the manner indicated below:

By ordinary U.S. mail, postage pre-paid, addressed to:
Timothy Scott Kildow
9203 Walker Park Drive
Columbus, OH 43240
Defendant

By ordinary U.S. mail, postage pre-paid, and electronic mail addressed to:
Karl C. Kerschner, Esq.
Meyer & Kerschner, Ltd.
106 E. Market Street, P.O. Box 400
Tiffin, OH 44883
kck@meyerkerschner.com
Attorney for Plaintiff

Douglas A. Stephan, Esq.
Meyer & Kerschner, Ltd.
106 E. Market Street, P.O. Box 400
Tiffin, OH 44883
das@meyerkerschner.com
Attorney for Plaintiff

Marshall D. Cohen, Esq.
Marshall D. Cohen Co., LLC
1500 West Third Avenue, Suite 400
Columbus, OH 43212
Attorney for Defendant, Timothy Scott Kildow

/s/ Stacey A. O'Stafy