**EXHIBIT C**

**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Burton Perlman
United States Bankruptcy Judge

**Dated: March 22, 2011**

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-12785 |
| | ) | |
| Phyllis A. Jacobs | ) | Chapter 13 |
| | ) | |
| | ) | |
| Debtor | ) | Judge Burton Perlman |

**DECISION AND ORDER ON TRUSTEE'S MOTION RE: DISBURSEMENT OF FUNDS**

This chapter 13 bankruptcy case was filed on April 24, 2010. A Plan was filed on May 26, 2010. Following objections to confirmation and other proceedings in the case, debtor filed a First Amended Plan on December 6, 2010. On December 11, 2010, the Chapter 13 Trustee filed a Motion to Dismiss the case. This motion was granted by an order dated January 28, 2011. On February 8, 2011, the Trustee filed a Motion for Order Permitting Disbursement of Funds on Deposit With the Trustee. At the time of the dismissal, the Trustee was holding the amount of $11,001.11, which had been paid by debtor to the Trustee prior to the dismissal.

Debtor and her former husband, Odis Jacobs, have been involved in a divorce matter in the Domestic Relations Division of the Clermont County Court of Common Pleas. On January 19, 2011, prior to the dismissal of the chapter 13 case in this Court, debtor filed a Motion for Contempt in the state court. Odis Jacobs then filed in the state court a Motion and Affidavit for a Restraining Order on February 1, 2011 and a Cross-Motion for Contempt on February 2, 2011. As a result of the February 1, 2011 motion, a magistrate of the Domestic Relations Division of Clermont County Court of Common Pleas issued a Restraining Order on February 2, 2011. The Restraining Order directs "that the $10,000.00 currently in possession of the Chapter 13 Trustee shall be deposited into Plaintiff/attorney's trust account until the pending Contempt motion has been heard and ruled upon."

The Trustee then filed in this Court her Motion for Order Permitting Disbursement of Funds on Deposit with the Trustee. It is this motion that is before the Court.

## DISCUSSION

1. The Requirement of Bankruptcy Law.

The Bankruptcy Code expressly states the duty of a chapter 13 trustee upon dismissal of a chapter 13 case where the trustee is holding undistributed funds that have been paid to her by a debtor. The Code says:

11 U.S.C. § 1326 Payments

> (a) . . . (2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

2

\* \* \*

Judge Caldwell has interpreted the above provision as follows: "the plain and unambiguous language of section 1326(a)(2) specifically governs the disposition of chapter 13 plan payments, and . . . clearly provides that the funds, minus adequate protection payments and administrative claims, should be returned to debtors." In re Inyamah, 278 B.R. 183, 185 (Bankr. S.D. Ohio 2007) (internal citations omitted). Accordingly, the Trustee must return such payments to debtor. In section three below, we will deal with whether the Trustee should deduct from such payments those attorneys fees that are "allowed under section 503(b)." See 11 U.S.C. § 1326(a)(2).

    2. The State Court Restraining Order.

The Restraining Order issued by the Clermont County Common Pleas Court purports to direct the Trustee to distribute the funds other than as directed by the Bankruptcy Code. The state court does not have jurisdiction to issue an order so directing the Trustee, and its order is therefore void to that extent. A statement of the applicable law in this regard is found at Beck v. Fort James Fiber Co. (In re Crown Vantage, Inc.), 421 F.3d 963, 970-971 (9th Cir. 2005), where the court stated:

> We join our sister circuits in holding that a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity. See Muratore v. Darr, 375 F.3d, 140, 147 (1st Cir. 2004); Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 200); In re Linton, 136 F.3d 544, 546 (7th Cir. 1998); Lebovitis v. Scheffel (In re Lehal Realty Assocs.), 101 F.3d 271, 276 (2nd Cir. 1996); Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). In our circuit, the doctrine was recognized by our Bankruptcy Appellate Panel in Kashani v. Fulton (In re Kashani), 190 B.R. 875, 883-85 (9th Cir. BAP 1995).

> This holding is firmly grounded in the Barton doctrine, established by the Supreme Court over a century ago, which provides that, before suit can be brought against a court-appointed receiver, "leave of the court by which he

> was appointed must be obtained." 104 U.S. at 127; [additional citations omitted]. The Court held that if leave of court were not obtained, then the other forum lacked subject matter jurisdiction over the suit. Barton, 104 U.S. at 127. ...
>
> The Barton doctrine applies in bankruptcy, because "[t]he trustee in bankruptcy is a statutory successor to the equity receiver," and [j]ust like the equity receiver, a trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the court's control by virtue of the Bankruptcy Code." Linton, 136 F.3d at 345.

Neither counsel for debtor nor counsel for her former husband sought leave of this Court prior to seeking the state court order at issue. Therefore, the Trustee is not subject to the state court's jurisdiction and is not compelled to comply with its order.

In addition to the Barton doctrine, there is ample authority for a bankruptcy court—faced with a state court directing a chapter 13 trustee's disposition of funds in her possession following a pre-confirmation dismissal—to order that the chapter 13 trustee effectively ignore the state court's order. See, e.g., In re Inyamah, 278 B.R. 183 (Bankr. S.D. Ohio 2007); In re Oliver, 222 B.R. 272 (Bankr. E.D. Va 1998); and In re Davis, 2004 WL 310531 (Bankr. M.D. Ala. 2005). Accordingly, the Court finds that the state court order is void as to the Trustee, and that she is required to proceed as instructed by the Bankruptcy Code at § 1326(a)(2).

3. Administrative Expenses.

A Motion for Emergency Hearing was filed by the Trustee in connection with the motion before the Court. The Trustee states that the impetus for the request was her receipt of a "threatening email" from debtor's counsel. The Court notes that attorneys practicing before it are bound by the Ohio Rules of Professional Conduct (ORPC). 1 Collier on Bankruptcy ¶ 8.01 (15th ed. rev. 2007). Further, unethical conduct in violation of the

ORPC may serve as the basis for denial or disgorgement of attorney fees. In re Smith, 436 B.R. 476 (Bankr. N.D. Ohio 2010).

In the subject email, addressed to the Trustee and included with her Motion for Emergency Hearing, debtor's counsel writes:

> "I have never been one who has any desire to hurt people with whom I deal on a regular basis. Nevertheless, there are time when we must do that which we least desire. I have asked you, on numerous occasions, to release the funds which you are holding for my Client in the above-referenced matter. As you know, there is no basis for you to withhold these funds. You have not been restrained in any way and your actions, in retaining my Client's money, is unjustified from any and all perspectives. Please let me know before Noon today if you will release my Client's funds."

The above email was insulting, disrespectful, and unprofessional as to the Chapter 13 Trustee. The Court, however, cannot conclude that it contains an actual threat by debtor's counsel. Consequently, the Court finds that a denial of attorney fees would be inappropriate in this case. Debtor's counsel is admonished, however, that it is "professional misconduct" to "engage in conduct that is prejudicial to the administration of justice" or to "engage in any other conduct that adversely reflects on [a] lawyer's fitness to practice law." ORPC 8.4(d), (h).

## CONCLUSION

On the basis of the foregoing, the Court finds that the state court Restraining Order is void to the extent that it orders the Trustee to distribute funds other than in accordance with 11 U.S.C. § 1326(a)(2). The Trustee is hereby ordered to return $11,001.11, minus an appropriate deduction for debtor's counsel's fees, to debtor according to her ordinary protocol upon dismissal of an unconfirmed chapter 13 bankruptcy case.

**IT IS SO ORDERED.**

5

Copies to:

Default List

Sarah Sparks Herron, Esq.
Dinsmore & Shohl, LLp
225 E. Fifth Street, Suite 1900
Cincinnati, OH 45202

Kathleen D. Mezher, Esq.
8075 Beechmont Avenue
Cincinnati, OH 45255

Michael P. Kelley, Esq.
108 S. High Street
Mt. Orab, OH 45154

###